832 So.2d 1182 (2002)
Shirline L. JOUBERT
v.
Wayne BROUSSARD, Progressive Insurance Company, and Safeway Insurance Company of Louisiana.
No. 02-911.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*1183 David M. Kaufman, Lafayette, LA, for Plaintiff/Appellee, Shirlene L. Joubert.
Keith M. Borne, Diane E. Cote', Borne & Wilkes, L.L.P., Lafayette, LA, for Defendant/Appellant, Safeway Insurance Company of Louisiana.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and MARC T. AMY, Judges.
WOODARD, Judge.
Safeway appeals a judgment assessing $5,000.00 against it for failing to initiate a loss adjustment of Ms. Joubert's claim within fourteen days of notice of her accident, as the Insurance Code requires. We affirm.

* * * * *
This case originates from an automobile accident between Ms. Shirline Joubert and Mr. Wayne Broussard that occurred in Lafayette, Louisiana, in 1999. When Ms. Joubert initiated a suit against Mr. Broussard. *1184 his insurer, Progressive Insurance Company, and her own insurer, Safeway Insurance Company of Louisiana (Safeway), both insurers denied coverage because Safeway informed Ms. Joubert that her policy had lapsed and she was not covered on the date of the accident. Safeway later determined that it had made a clerical error and acknowledged that Ms. Joubert was, in fact, covered under the policy on the date in question. The parties resolved all issues of damages before trial, leaving the trial court with only one issue to adjudicatewhether certain provisions of the Insurance Code entitled Ms. Joubert to penalties and attorney's fees from Safeway. However, in her brief, Ms. Joubert withdrew her request for attorney's fees.
The court below assessed penalties against Safeway in accordance with La.R.S 22:1220, based on a violation of La.R.S. 22:658, but declined to make any additional award based upon the independent provisions of La.R.S. 22:1220.
Therefore, we must review determinations the trial court made under both statutes.
STANDARD OF REVIEW
Because the decision to assess statutory penalties is a factual determination, in part, we review the trial court's assessment of penalties against Safeway under the manifest error standard of review.[1] We acknowledge that since the pertinent statutes subject insurers to penalties, we must construe them strictly.[2]
FAILURE TO INITIATE LOSS ADJUSTMENT
Among other things, La.R.S. 22:658 requires that the insurer initiate a loss adjustment of a property claim within fourteen days of being notified of the loss. La.R.S. 22:1220 mandates penalties for non-compliance.[3]
When Ms. Joubert reported the accident to Safeway, its insurance agent checked the office's computers and found that Ms. Joubert's premium had lapsed. The agent requested additional internal documents, which verified that Ms. Joubert was not covered at the time of the accident. Accordingly, Safeway sent a letter informing her that it was closing her file because of these findings. Significantly, after the statutory period for initiating a loss adjustment had expired, Safeway determined that Ms. Joubert was, in fact, covered at the time of the accident and that its own clerical error had led it to believe she was not covered. Upon this discovery, it adjusted her claim.
Safeway argues that checking its office computer and sending Ms. Joubert the letter closing her file constitutes an "initiation" of the loss adjustment, and since it made these efforts within the statutory period, it should not be penalized. We cannot agree.
Safeway's actions do not constitute "a substantive and affirmative step to accumulate the facts that are necessary to evaluate the claim [;]"[4] (Emphasis added.) Rather, its actions were to evaluate coverage and, in fact, led it to make the erroneous determination that it need not take any action to evaluate Ms. Joubert's claim. As the trial court correctly notes, *1185 while violations of the specific provisions of La.R.S. 22:1220 require a finding that the insurer was arbitrary, capricious, or without probable cause, failure to comply with La.R.S. 22:658(A)(3) "shall subject the insurer to the penalties provided in R.S. 22:1220,"[5] irrespective of Safeway's justifications.
Therefore, we cannot say that the trial court's award of penalties against it for failure to initiate the loss adjustment within the statutory period was manifestly erroneous.
DENIAL OF COVERAGE
La.R.S. 22:1220 provides that certain acts, "if knowingly committed or performed by an insurer"[6] and, specifically, an insurer's denial of coverage under specified circumstances, automatically constitutes a breach of a duty, permitting an award of penalties against the insurer.[7] The trial court declined to entertain an award of penalties for denial of coverage, after assessing penalties for failure to initiate the loss adjustment, reasoning that "to do so would double the penalty based on the same circumstances." We agree. The penalties already assessed, ultimately, stemmed from Safeway's denial of coverage, as this erroneous determination is what prevented it from initiating the loss adjustment of the claim. Therefore, the trial court did not commit manifest error by refusing to assess additional penalties under this statute.

CONCLUSION
For the foregoing reasons, we affirm the trial court's assessment of $5,000.00 in penalties against Safeway and cast the costs for this appeal on Appellant, Safeway Insurance Company of Louisiana.
AFFIRMED.
NOTES
[1] McClendon v. Economy Fire & Cas. Ins. Co., 98-1537 (La.App. 3 Cir. 4/7/99); 732 So.2d 727.
[2] Roberts v. Chargois, 98-1073 (La.App. 3 Cir. 2/24/99); 736 So.2d 910.
[3] La.R.S. 22:658(A)(3).
[4] Rogers v. Commercial Union Ins. Co., 01-443, p. 8 (La.App. 3 Cir. 10/3/01); 796 So.2d 862, 868.
[5] La.R.S. 22:658(A)(3).
[6] La.R.S. 22:1220(B).
[7] See La.R.S. 22:1220(B)(3) and (C).