Antonio CAMARGO

v.

**TRAMMELL CROW INTEREST COMPANY, d/b/a Crow Holdings**

**No. CIV.A.6:03 CV 1.**

United States District Court, E.D. Texas, Tyler Division.

May 10, 2004.

Richard S. Fischer, Law Offices of Richard S. Fischer, Nacogdoches, TX, for Plaintiff.

Steven Randolph McCown, Littler Mendelson, Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER ON ATTORNEY'S FEES

DAVIS, District Judge.

Before the Court is Plaintiff's Motion for Award of Costs, Attorney's Fees and Expenses (doc. # 21) and Defendant's Motion to Strike Plaintiff's Motion for Award of Costs, Attorney's Fees and Expenses as Untimely (docs. # 24/25). After due consideration of the arguments of counsel and the applicable law, the Court is ready to make its ruling.

### BACKGROUND

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA") seeking compensation for overtime pay. The case was tried to the Court on February 8, 2004. Plaintiff was the prevailing party. The Court awarded the costs of litigation, including Plaintiff's reasonable attorney's fees to be assessed against the Defendant pursuant to 29 U.S.C. § 216. The Court's February 23, 2004 Memorandum Opinion ordered Plaintiff's counsel to make his properly supported application for attorney's fees and costs within 20 days after the date of the order.

Plaintiff has submitted documentation showing a total of 73.1 hours of attorney's time worked on this case and has requested costs and expenses in the amount of $2,903.00. Defendant contests this award on various grounds.

### DISCUSSION

As a threshold matter, Defendant moves to strike Plaintiff's request, claiming it to be untimely because it was filed more than 20 days from the date the Memorandum Opinion was signed, i.e., February 19, 2004. Plaintiff asserts that the date that the Order was entered, i.e. February 23, 2004, is the operative date, and

therefore, the application was timely. The Court agrees. The legally operative date is the entry of the order, not the date that it was signed. *Yoder Brothrs, Inc. v. California–Florida Plant Corp.*, 537 F.2d 1347, 1362 (5th Cir.1976). Therefore the Court will consider Plaintiff's request for attorneys' fees and costs.

*Attorney's Fees:*

The calculation of attorney's fees involves a well-established process. First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *Id.* In making a lodestar adjustment the court should look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–19.

Some of these factors are subsumed in the initial lodestar calculation and should not be double counted. *Shipes v. Trinity Industries*, 987 F.2d 311, 320 (5th Cir. 1993).

The first step in determining the amount of attorneys' fees to award is to determine the compensable hours from the attorneys' time records, including only hours reasonably spent. *Id.* at 319, citing *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.), *vacated in part*, 903 F.2d 352 (5th Cir. 1990).

The Fifth Circuit has held that, of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir.1990).

■ The Court has reviewed the affidavits of Plaintiff's counsel and concludes that the 73.1 hours spent on this case was reasonable. The case was strenuously contested by the Defendant and the case involved novel issues requiring substantial research.

■ Plaintiff's counsel affirms that his normal hourly fee is $300.00 per hour. He has supported this as a reasonable rate by submitting an affidavit of Tim Garrigan, a civil rights attorney from Nacogdoches, Texas who states that attorneys of similar reputation, experience and skill in Nacogdoches, Texas customary charge $300.00 per hour. Given counsel's reputation, skill and experience, with his background as editor of the Texas Law Review at the prestigious University of Texas Law School and over twenty years of practice specializing in labor law, the Court finds the hourly rate to be reasonable. The Court also notes that counsel is fluent in Spanish, which fact also adds to his qualifications in a case such as this where the Plaintiff's command of English was limited.

The defendant, while complaining that the requested rate is too high, gives no

evidence that the normal hourly rate of an attorney of Fischer's skill and experience should be anything other than what is requested. Defendant's unsupported *Daubert* challenge to the affidavit of Tim Garrigan is without merit, as Garrigan's opinion is not the type of expert opinion which *Daubert* addresses. *See, e.g., Singer v. City of Waco*, 324 F.3d 813, 829–830 (5th Cir.2003).

Having found that Plaintiff's requested attorney's fees are reasonable as to the hours and the rate requested, the Court finds that no upward or downward adjustment is warranted under the *Johnson* factors.

▉ Plaintiff has requested $2,150.00 for computer assisted research. While the Fifth Circuit has yet to address this issue, a number of courts have found that the cost of reasonable computerized legal research is recoverable as attorney's fees. *See United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2nd Cir. 1996); *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1440 (7th Cir.1994); *Johnson v. University College of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1209 (11th Cir.1983). We adopt the sentiment expressed by the Seventh Circuit in *Haroco*:

> Computerized legal research involves an attorney sitting down in front of a computer and researching legal issues by searching through a database which now includes almost every resource one would find in the country's largest law libraries. In addition to the attorney charging the client for the time he or she spends doing this research, the companies that offer the computerized legal research services also charge a fee. Theoretically, even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to do the research more quickly and efficiently. If this research

had been done manually by an attorney sitting in the library reading through books rather than sitting before a computer screen, nobody would dispute that the attendant fees would be properly classified as attorney's fees and not costs. Recognizing this, we have previously held that computer research costs "are more akin to awards under attorney's fees provisions than under costs." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990). In fact such costs are indeed to be considered attorney's fees.

*Haroco, Inc.*, 38 F.3d at 1440. Accordingly, Plaintiff is entitled to recover $2,150.00 for computer assisted research as part of his attorney's fees.

*Costs and Expenses:*

▉ The Court next addresses the matter of costs and expenses. It is well established that reasonable out-of-pocket expenses that lawyers would ordinarily bill to their clients in fee paying cases are recoverable as part of the reasonable attorney's fees awarded to prevailing plaintiffs under the fee-shifting provisions of federal employment laws. *Mota v. The University of Texas Health Science Center*, 261 F.3d 512, 529 (5th Cir.2001). This includes postage, photocopying, paralegal services, long distance telephone charges, and travel costs. *Id.* The Court finds that the costs and expenses requested by Plaintiff's counsel are reasonable and recoverable.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Strike is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to recover from the defendant $24,080.00 in attorney's fees and $753.65 in costs and expenses incurred through the trial of this case. In the event of an appeal by Defendant to the Fifth

452

Circuit Court of Appeals, if the appeal is unsuccessful, Plaintiff may apply to this Court for reasonable attorney's fees for such an appeal.