# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1450


WESTPORT INSURANCE CORPORATION, ET AL.

VERSUS

SHEILA S. SALLEY


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 229,177
HONORABLE F. RAE SWENT, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.


**AFFIRMED.**


**Michael L. Glass**
**1735 White Street**
**Alexandria, LA 71301**
**Telephone: (318) 484-2917**
**COUNSEL FOR:**
> **Defendant/Appellee - Sheila S. Salley**

**Daniel G. Brenner**
**Bolen, Parker, Brenner & Lee, Ltd.**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**Telephone: (318) 445-8236**
**COUNSEL FOR:**
> **Plaintiffs/Appellants - Westport Insurance Corporation, Ray Schneider, d/b/a Northside Towing, and Rickie D. Brossette**

**THIBODEAUX, Chief Judge.**

Plaintiffs-appellants, Westport Insurance Corporation, the insurer of Rickie D. Brossette, who was an employee of Ray Schneider d/b/a Northside Towing, collectively "Westport," assert that the trial court erred by granting the defendant-appellee Sheila S. Salley's exception of res judicata on the issue of causation of Salley's injuries she claimed she sustained in a car accident involving Brossette. The trial court held that Westport's improper motion to set aside/reconsider the summary judgment, which this court, in our denial of Westport's writ, construed to be a petition for nullity, precluded Westport's subsequent petition for nullity. For the following reasons, we affirm.

I.

## ISSUE

We shall consider whether an appellate court's construction of the plaintiff's improper "Motion to Set Aside/Reconsider" a summary judgment to be a petition for nullity resulted in a final appealable judgment, which precludes a subsequent petition to annul based on res judicata, where the circumstance that generated both filings was the same.

II.

## FACTS

Salley was involved in an automobile accident with Brossette. In her suit against Westport, Salley filed a motion for summary judgment on the issue, among others, of causation of her injuries. In support, Salley submitted an affidavit that she was in generally good health prior to the accident but that she started having various problems afterward.

Westport did not oppose Salley's motion for summary judgment on the causation issue. On July 24, 2006, the trial court granted a partial summary judgment in Salley's favor, finding that the collision caused Salley's injuries. On December 22, 2006, Westport ascertained that Salley had an automobile accident in 1979 that resulted in injuries to Salley's back and neck. Salley claimed she forgot about the accident and the injuries for which she had not received any treatment in over a decade.

Westport filed a "Motion to Set Aside/Reconsider" the summary judgment on the issue of causation based on these newly-discovered facts. The trial court denied the motion, stating that it was procedurally unavailable. Westport filed a writ for supervisory review, and this court denied it. Reasoning that our Code of Civil Procedure did not provide for motions to set aside/reconsider and that our jurisprudence directed us to construe pleadings liberally, we viewed the motion as a petition for nullity. We stated that a judgment denying a petition for nullity was a final, appealable judgment. An appeal, not a supervisory writ, was the proper avenue of appellate review, we reasoned.

Westport did not appeal. Instead, Westport filed a new petition to annul the summary judgment. Salley responded with an exception of res judicata. The trial court granted Salley's exception, and Westport again filed a writ for supervisory review with this court. On May 2, 2008, we declined to exercise supervisory jurisdiction, stating that the trial court issued an appealable judgment, making an appeal the appropriate course of review.

Westport filed a writ with the supreme court. In the interest of justice, the supreme court remanded the case with the instructions to this court to convert the writ application into a petition for appeal. Accordingly, we now examine the matter.

2

III.

## STANDARD OF REVIEW

"The exception of res judicata is reviewed by the court of appeal according to the manifest error standard when it is raised before the case is submitted." *Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds*, 04-1697, p. 9 (La.App. 3 Cir. 5/4/05), 909 So.2d 619, 625.

IV.

## LAW AND DISCUSSION

Westport argues that: (1) the trial court's decision to grant a summary judgment in Salley's favor did not have a preclusive effect on its petition to annul because the summary judgment was obtained by fraud or ill practices; (2) this court's first denial of Westport's supervisory writ did not have a preclusive effect because Westport filed a motion to set aside/reconsider and not a petition to annul; and, (3) this court's "unrequested recharacterization" of Westport's motion to set aside/reconsider created an injustice.

> [A] valid and final judgment is conclusive between the same parties . . . to the following extent:
>
> If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

La.R.S. 13:4231(1).

Westport correctly points out that the original summary judgment had no preclusive effect on the petition to annul based on fraud or ill practices. Nonetheless, our original denial of the writ for supervisory review precluded Westport's second petition for nullity. When we construed Westport's "Motion to Set Aside/Reconsider" to be a petition for nullity, the trial court's denial of that motion

3

became a final appealable judgment that denied Westport's petition for nullity. We stated so explicitly in our denial of the writ. Westport's proper avenue for relief at that point became an appeal of the judgment denying this construed petition for nullity, not a filing of a second petition for nullity.

Westport's improper "Motion to Set Aside/Reconsider" and its subsequent petition to annul arise out of the same occurrence, i.e., Salley's failure to disclose an accident she had thirty years ago. Westport also asked for the same relief in its construed petition to annul as in its second petition to annul, i.e., that the summary judgment on the causation issue be set aside. Thus, all of Westport's causes of action arising out of Salley's failure to disclose the accident were extinguished and merged, except for purposes of appeal, in the judgment denying the construed petition for nullity.

It is irrelevant that Westport did not request this court to regard its "Motion to Set Aside/Reconsider" as a petition for nullity. Our Code of Civil Procedure does not contain a procedural mechanism titled "Motion to Set Aside/Reconsider." Contrary to Westport's assertions, our construction of this filing to be a petition for nullity worked no injustice upon Westport. Westport had an ample opportunity to appeal the trial court's judgment denying this construed petition for nullity. Westport's failure to do so, not this court's "unrequested recharacterization," caused its present lack of remedy. The trial court committed no manifest error by granting Salley's peremptory exception.

4

V.

**<u>CONCLUSION</u>**

We affirm the trial court's judgment granting Salley's peremptory exception of res judicata. Costs of this appeal are assessed to Westport Insurance Corporation, Rickie D. Brossette, and Ray Schneider d/b/a Northside Towing.

**AFFIRMED.**