HUGHES, J.
 

 | .This is an appeal of a judgment denying a motion to enforce a settlement agreement and for penalties. For the reasons that follow, we affirm in part, reverse in part, and render.
 

 FACTS AND PROCEDURAL HISTORY
 

 This action originally arose out of the breach of a contract for services entered into between Jack Bennett and Laperouse and Son, Ltd. Jack Bennett filed a petition for damages against the company and its insurers, including Lloyds Underwriters at London (Lloyds). A mediation was eventually scheduled on September 17, 2008. Although Hurricane Gustav hit the Baton Rouge area on September 1, 2008, the mediation went forward as scheduled on September 17, 2008, and a settlement was reached between the parties. It is undisputed that Lloyds agreed to pay to Mr. Bennett the sum of $17,000.00 within thirty (30) days. That agreement was reduced to writing. When payment was not received within thirty days, Mr. Bennett filed a motion to enforce the settlement agreement and for penalties. After a hearing, the motion was denied. Mr. Bennett appeals.
 

 MOTION TO DISMISS
 

 Lloyds alleges that this appeal should be dismissed on the basis that the judgment at issue is not a final judgment under LSA-C.C.P. art. 2083
 
 [1]
 
 and therefore not appealable. Because the judgment before us disposes of all remaining issues in this case and thereby concludes the litigation, we find that it is appealable and properly before this court. The motion is denied.
 

 1,LAW AND ARGUMENT
 

 At the hearing on the motion, Mr. Bennett’s attorney argued that Mr. Bennett was entitled to penalties and fees
 
 [2]
 
 under either of two statutory provisions: LSA-R.S. 22:658 (now 22:1892) and LSA-R.S. 22:1220 (now 22:1973).
 
 [3]
 
 The decision to assess statutory penalties is a factual determination, in part, and is reviewed under the manifest error standard of review.
 
 Joubert v. Broussard,
 
 2002-911 (La.App. 3 Cir. 12/11/02), 832 So.2d 1182, 1185,
 
 writ denied,
 
 2003-0060 (La.3/21/03), 840 So.2d 552;
 
 McClendon v. Economy Fire & Cas. Ins. Co.,
 
 98-1537 (La.App. 3 Cir. 4/7/99), 732 So.2d 727, 730. Further, statutory penalties are penal and should be strictly construed.
 
 Sultana Corporation v. Jewelers Mutual Insurance Company,
 
 2003-0360 (La.12/2/03) 860 So.2d 1112, 1117;
 
 Theriot v. Midland Risk Ins. Co.,
 
 
 *367
 
 95-2895 (La.5/20/1997) 694 So.2d 184, 186;
 
 Hart v. Allstate Ins. Co.,
 
 437 So.2d 823, 827 (La.1983.)
 

 1.
 
 Penalties Under LSA-R.S. 22:658
 

 Louisiana Revised Statutes 22:658 reads, in pertinent part:
 

 A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph. (2) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any |4bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
 

 ⅝ ‡ ⅜ ⅜
 

 B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings. (Emphasis added.)
 

 ⅜ ⅜ ⅜ ⅜
 

 The settlement agreement of September 17, 2008 is found in the record and is in writing. It is undisputed that the settlement funds were not paid until October 29, 2008, outside of the thirty-day limitation afforded by the statute. Mr. Bennett therefore met his burden of establishing that Lloyds was in violation of the statute and the burden shifted to Lloyds to prove that its actions were not arbitrary, capricious, or without probable cause. Lloyds introduced no testimony or other evidence at the hearing. Counsel for Lloyds merely argued that the money was not paid timely because his office had been damaged by Hurricane Gustav. Notably, the hurricane hit more |sthan two weeks prior to the mediation. The record contains no evidence evidencing the hardship claimed by Lloyds’ counsel. Absent any such evidence, the trial court had no basis for its factual finding that the damage caused by the hurricane prevented Lloyds from paying the settlement timely. The statute uses the mandatory term “shall” and
 
 *368
 
 therefore leaves no room for discretion. Under the strict construction of LSA-R.S. 22:658, we find that Lloyds shall pay fifty percent of the amount of the settlement, or $8,500.00, as a penalty.
 

 2.
 
 Penalties Under LSA-R.S. 22:1220
 

 We also find guidance from the
 
 Sultana
 
 court for our review of the trial court’s decision not to award penalties under LSA-R.S. 22:1220. The statute reads, in pertinent part:
 

 A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
 

 B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
 

 (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
 

 (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
 

 * * * *
 

 C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or | fvfive thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings. (Emphasis added.)
 

 ⅜ ⅜ $ ⅜
 

 The
 
 Sultana
 
 court held that if one of the enumerated actions of section B had been shown, it matters not whether the insurer’s actions were arbitrary, capricious, or without probable cause.
 
 See Sultana,
 
 860 So.2d at 1118. In this case, the only showing necessary is that the insurer acted knowingly. And, as was the defendant company in the
 
 Sultana
 
 case, Lloyds was represented by Louisiana counsel who presumably knew the requirements of the statute. Accordingly, Lloyds is not shielded from the failure of its counsel to notify it of the settlement timely, if that be the case.
 
 Sultana,
 
 860 So.2d at 1119.
 

 The
 
 Sultana
 
 court further held that notwithstanding the prior split in the circuits, a claimant is not required to prove actual damages under LSA-R.S. 22:1220(A) as a prerequisite for an award of penalties under LSA-R.S. 22:1220(C).
 
 Sultana,
 
 860 So.2d at 1119. However, the ruling makes clear that while the term “shall” in subsection A mandates an award of damages, if proven, the term “may” in subsection C leaves the court with the discretion to award or deny penalties even in the event actual damages are sustained. Moreover, it is the plaintiffs burden to prove the damage he suffered as a result of defendant’s fault, and to support an award there must be evidence in the record.
 
 Sultana,
 
 860 So.2d at 1118.
 

 The record herein reveals no evidence of damages suffered by Mr. Bennett as a result of Lloyd’s conduct. Therefore, there was no mandatory damage award. Any 1220(C) penalty award was entirely up to the discretion 17of the court. In light of the fact that no actual damages were
 
 *369
 
 sustained, we do not find an abuse of the trial court’s discretion in declining to award 1220(C) penalties.
 

 CONCLUSION
 

 Judgment is hereby rendered in favor of Jack Bennett, Jr. and against Lloyds Underwriters at London in the additional amount of $8,500.00. All costs of this appeal are assessed to Lloyds Underwriters at London.
 

 AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
 

 [1]
 

 .Art. 2083. Judgments appealable.
 

 A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
 

 B. In reviewing a judgment reformed in accordance with a remitter or additur, the court shall consider the reasonableness of the underlying jury verdict.
 

 C.An interlocutory judgment is appeal-able only when expressly provided by law.
 

 [2]
 

 . The failure to award attorney fees was not assigned as error in this appeal.
 

 [3]
 

 . These statutes were renumbered by Act 415 of the 2008 Louisiana Legislature, effective January 1, 2009. LSA-R.S. 22:658 is now LSA-R.S. 22:1892 and LSA-R.S. 22:1220 is now LSA-R.S. 22:1973.