GUIDRY, J.
A discharged employee appeals a trial court's award of attorney fees and costs to the prevailing litigants on a special motion to strike in the employee's unsuccessful suit for defamation. For the following reasons, we amend the judgment appealed.
FACTS AND PROCEDURAL HISTORY
In April 2015, Mary E. Roper filed a 25-page petition for damages against John Chandler Loupe and the consolidated governing body of the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish), alleging that Loupe had made numerous false and defamatory statements about her and that members of the City-Parish with the ability to prevent such alleged defamation failed to do so. Loupe and the City-Parish (collectively defendants) answered Roper's petition, raising several affirmative defenses and denying any liability for defamation. The defendants later filed a special motion to strike pursuant to La. C.C.P. art. 971. Following a hearing, the trial court granted the defendants' special motion to strike and dismissed all of Roper's claims with prejudice in a judgment signed July 29, 2015.
*1002 On December 21, 2016, the defendants filed a motion to fix costs and for an award of those costs and attorney fees. Following a hearing, the trial court rendered judgment in favor of the defendants, ordering Roper to pay $34,643.73 in costs and attorney fees. Roper appeals that March 28, 2017 judgment, raising four assignments of error.
DISCUSSION
In her first assignment of error, Roper contends that the trial court abused its discretion in awarding attorney fees and costs to the defendants because "[t]here was no determination that [her] lawsuit was baseless or meritless [n]or could the suit have been instituted to chill speech [that] had already occurred." This argument appears to be premised on the intent of the legislature in enacting La. C.C.P. art. 971, which intent is expressed in the enacting legislation as:
The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.
1999 La. Acts, No. 734, § 2. Additionally, the courts of this state have further found the legislature's purpose in enacting Article 971 was "to screen out meritless claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press." See e.g. In re Succession of Carroll, 46,327, p. 11 (La. App. 2d Cir. 7/20/11), 72 So.3d 384, 390-91, writ not considered, 11-1844 (La. 11/4/11), 75 So.3d 912 (quoting Melius v. Keiffer, 07-0189, p. 2 (La. App. 4th Cir. 3/12/08), 980 So.2d 167, 170, writ not considered, 08-1039 (La. 8/29/08), 989 So.2d 90 and Lee v. Pennington, 02-0381, p. 4 (La. App. 4th Cir. 10/16/02), 830 So.2d 1037, 1041 ).
While it has been held that the rules of statutory construction are designed to ascertain and enforce the intent of the legislature and that the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons that prompted the legislature to enact the law, the starting point in the interpretation of any statute remains the language of the statute itself. Red Stick Studio Development, L.L.C. v. State ex rel. Department of Economic Development, 10-0193, pp. 9-10 (La. 1/19/11), 56 So.3d 181, 187. Thus, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. Red Stick Studio Development, L.L.C., 10-0193 at p. 10, 56 So.3d at 187-88.
In this case, La. C.C.P. art. 971(B) unambiguously provides that "a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." The use of the mandatory term "shall" in the article leaves no room for discretion. See Bennett v. Laperouse and Son, Ltd., 09-1099, p. 5 (La. App. 1st Cir. 2/12/10), 35 So.3d 364, 367-68 ; see also La. C.C.P. art. 5053. As it has already been determined by final judgment that the defendants were the prevailing party on the special motion to strike,[1] we find no abuse *1003 of the trial court's discretion in awarding attorney fees and costs to the defendants.
In her second assignment of error, Roper contends that the amount of attorney fees and costs awarded by the trial court was "exorbitant" and thus unreasonable and an abuse of the trial court's discretion. In particular, she asserts that the award of reasonable attorney fees does not necessarily equate to an award of the actual attorney fees incurred. This court, however, has previously held that an award of attorney fees and costs to a prevailing party on a special motion to strike consistent with the affidavit submitted by the defendant establishing the amount of legal work performed and the costs associated therewith was proper and not an abuse of the trial court's discretion upon review. See Davis v. Benton, 03-0851, p. 10 (La. App. 1st Cir. 2/23/04), 874 So.2d 185, 191. Thus, we find no abuse of the trial court's discretion in similarly awarding attorney fees and costs in this matter.[2]
In her third assignment of error, Roper alleges billing errors in two of the invoices attached to the affidavit certifying the legal work performed by defendants' counsel and the costs associated therewith.
The first invoice identified by Roper contains an obvious typographical error, as the body of the invoice shows a charge of $1,831.74, which is the same amount as shown in the itemized statement attached to the invoice, but at the bottom of the invoice, in a section labeled "STATEMENT OF ACCOUNT," the sum of $4,048.48 is shown as the amount of the "current" charge. But on adding up all the amounts separately charged in each of the invoices attached to the affidavit of counsel, we find that the erroneous sum listed as the "current" charge in the challenged invoice was not included in the total sum sought or awarded by the trial court. Nevertheless, our tallying of the individual invoices did reveal a $439.50 difference in the amount awarded by the trial court and the total legal costs incurred as shown in the billing invoices. As the amount awarded is in excess of the proven legal costs incurred, we will deduct this overage from the trial court's award.
The defendants acknowledge the billing error in the second invoice identified by Roper, and consistent with that acknowledgement, we will further amend the trial court's judgment to deduct $1,201.50 from the total amount awarded.
In her final assignment of error, Roper contests the inclusion of $666.58 in computer-aided legal research costs in the trial court's award. Roper contends that the only "costs" recoverable by the defendants are those costs identified in La. R.S. 13:4533. That statute provides that "[t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs." In this case, the trial court allowed computer-aided legal research expenses to be taxed as costs in this matter.
In support of the award of those costs, the defendants argue that the expense of computer-aided legal research is not a cost, but instead is simply an element of the attorney fee award. In support of this contention, the defendants cite several federal court opinions, including one from the Middle District of Louisiana. See Sigur v. Emerson Process Management, 05-1323, 2008 WL 1908590, at *9 (M.D. La. Feb. 21, 2008), report and recommendation adopted as modified, *1004 05-1323, 2008 WL 1908588 (M.D. La. Apr. 30, 2008) ; Camargo v. Trammell Crow Interest Company, 318 F.Supp.2d 448, 451, (E.D. Tex. 2004) ; and Haroco, Incorporated v. American National Bank & Trust Company of Chicago, 38 F.3d 1429, 1440 (7th Cir. 1994).
While federal courts may consider computer-aided legal research expenses to be an element of the fees payable to the attorney, it appears that such expenses have been treated as a cost in our state legal system. More importantly, Rule 1.8(e)(3) of the Rules of Professional Conduct of the Louisiana State Bar Association provides that an attorney may charge a client for computer legal research as a recoverable cost only with the informed consent of the client. See also Louisiana State Bar Association v. Edwins, 540 So.2d 294, 302-03 (La. 1989) (wherein the court observed that the disciplined attorney had charged a client for computer-aided legal research, which expense should have been borne by the attorney as part of his overhead in the absence of a prior agreement by the client to assume such costs in the employment contract or otherwise).
In this case, the record lacks necessary details regarding the computer legal research costs incurred. It is not disclosed whether the law firm incurs such costs on a per-use basis or whether it pays a flat rate that will be paid even if the service is not used. Additionally, there is no mention of whether there was any agreement with the clients allowing counsel to charge for such expense as required by Rule 1.8(e)(3). In the absence of such evidence, we find the record is insufficient to support an award of such costs. Hence, we conclude that the trial court erred in awarding the defendants the costs of computer-aided legal research. We, therefore, will further amend the judgment to delete this cost from the award as well.
CONCLUSION
For the foregoing reasons, we deduct the sum of $2,307.58 from the trial court's award, and thereby amend the judgment to reflect $32,336.15 as the total amount awarded as costs and attorney fees in this matter. With this modification, we affirm the judgment. All costs of this appeal, in the amount of $1,085.00, are apportioned equally to the parties.
AMENDED, AND AS AMENDED, AFFIRMED.

See Roper v. Loupe, 15-1956 (La. App. 1st Cir. 10/28/16), 2016 WL 6330407 (unpublished opinion), writ denied, 17-0090 (La. 3/13/17), 216 So.3d 808.

In reviewing the invoices, we do not find the charges to be inappropriate nor the time charged to be excessive. Further, except as mentioned in our review of Roper's third assignment of error, the charges and amounts listed in the invoices are not materially disputed by Roper.