SUCCESSION OF MILTON E. COTAYA, JR.

C/W

SUCCESSION OF EDNA B. COTAYA

NO. 24-CA-38  C/W
24-CA-40

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 838-251 C/W 838-243, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

December 05, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Timothy S. Marcel

**APPEAL DISMISSED; REMANDED**
    **SJW**
    **MEJ**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
LEE COTAYA, INDIVIDUALLY AND AS SUCCESSION REPRESENTATIVE
OF EDNA B. COTAYA
J. Douglas Sunseri

COUNSEL FOR PLAINTIFF/APPELLANT,
VICKI TOSH
Robert J. Daigre
George M. McGregor
Cesar R. Burgos
James A. Harry
William R. Penton, III

**WINDHORST, J.**

Appellant/succession representative, Vicki Cotaya Tosh, seeks review of the trial court's April 11, 2023 judgment. For the following reasons, we find this court lacks appellate jurisdiction. Accordingly, this appeal is dismissed and the matter is remanded to the trial court for further proceedings.

**PROCEDURAL HISTORY and FACTS**

The Succession of Milton E. Cotaya, Jr. was filed in 2015 in the 22nd Judicial District Court ("JDC") of St. Tammany Parish by Ms. Tosh. Thereafter, the Succession of Edna B. Cotaya was filed in 2016 in the 22nd JDC by appellee/succession representative, Lee Cotaya.[1] The cases were subsequently consolidated in 2017 (also referred to as "the first filed lawsuit"). On December 9, 2022, the trial court (1) granted Ms. Tosh's exception of lack of subject matter jurisdiction; (2) denied Ms. Tosh's request to cast Mr. Cotaya with all costs and reasonable attorney's fees; (3) denied Ms. Tosh's "demand to dismiss the Successions of Milton E. Cotaya and Edna B. Cotaya and their underlying Judgments;" and (4) "in the interest of justice," ordered "the Succession of Milton E. Cotaya and the Succession of Edna B. Cotaya along with all underlying pleadings, deadlines, and orders" to be transferred to the 24th JDC pursuant to La. C.C.P. art. 932 B. Ms. Tosh did not appeal or collaterally attack any part of this judgment.

After the succession proceedings in the first filed lawsuit were transferred, the succession proceedings were unconsolidated and assigned to different divisions in the 24th JDC. The Succession of Edna B. Cotaya was assigned to Division "J," docket number 838-243, and Succession of Milton E. Cotaya, Jr. was assigned to Division "F," docket number 838-251. Mr. Cotaya filed a "Motion and Order to Consolidate and Request for Contradictory Hearing" ("motion to consolidate"),

---

[1] Milton and Edna Cotaya were married and had six (6) children: Milton E. Cotaya, III, Terrence M. Cotaya, Sr., Cathy Cotaya Reed, Lee M. Cotaya, Vicki Cotaya Tosh, and Trudi Cotaya Blackwood.

requesting that docket number 838-251, Division F, be transferred to Division "J" and consolidated with docket number 838-243 already pending in Division "J."[2] Mr. Cotaya also filed a "Motion and Incorporated Memorandum to Adopt Orders, Pleadings, Deadlines and Order Special Master to Set Deadlines to Issue Report" ("motion to adopt"), requesting that the trial court "Adopt, Reaffirm and Enter Judgments, deadlines, rulings and recommendations rendered" by the trial court in the 22nd JDC. In response, Ms. Tosh filed a "Petition to Dismiss, To Intervene, and to Strike Transferred Successions for Nullity," ("petition to dismiss") with an attached rule to show cause.[3] The trial court set the motion to consolidation, motion to adopt, and the petition to dismiss for hearing on April 3, 2023.

After a contradictory hearing, the trial court rendered judgment (1) granting Mr. Cotaya's motion to consolidate 8383-243 and 838-251; (2) granting Mr. Cotaya's motion to adopt all underlying pleadings, orders and judgments from the proceedings in St. Tammany Parish; (3) ordering Ronald "Chip" Morrison to continue to serve as the Special Master for the consolidated successions and to set deadlines; and (4) denying Ms. Tosh's petition to dismiss. A written judgment was signed on April 11, 2023.

This appeal followed.

---

[2] The record contains an order signed by the trial court in 24th JDC Division F, transferring docket number 838-251 of Division F to 24th JDC Division J.

[3] The petition to dismiss sets forth only the following paragraph:

> **NOW INTO COURT**, comes your Executrix, Vicki Tosh, who intervenes in the Succession of Edna B. Cotaya, presently before the Court, and the Succession of Milton Cotaya, Jr., before Division "J," Docket Number 838-243, which was consolidated in St. Tammany Parish and then divided here as this succession and also Case Number 838-251, and who petitions this Honorable Court to dismiss and to strike from the record the transferred succession for all the reasons espoused in the accompanying memorandum, which memorandum is incorporated herein by reference as if said memorandum were reproduced herein in its entirety. [Emphasis in original.]

The petition then attached a rule to show cause order setting the matter for hearing on April 3, 2023. The "petition" did not comply with any of the requirements for a petition, nor was an adverse party named or cited to appear as in ordinary suits. A review of the record shows that the "petition" was treated as a "motion to annul," which was subsequently denied by the trial court.

**LEGAL ANALYSIS**

*Jurisdictional Issue*

On appeal, Ms. Tosh seeks review of the trial court's April 11, 2023 judgment, contending that the trial court erred in granting Mr. Cotaya's motion to adopt all underlying pleadings, orders and judgments from the proceedings in the 22nd JDC in St. Tammany Parish because the 22nd JDC lacked subject matter jurisdiction over the succession proceedings.

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, regardless of whether the litigants raise the issue. Succession of St. Germain, 22-148 (La. App. 5 Cir. 12/21/22), 355 So.3d 674, 676.

La. C.C.P. art. 2974 provides:

> *Appeals from orders or judgments rendered in succession proceedings shall be governed by the rules applicable to appeals in ordinary proceedings*, except that an order or judgment confirming, appointing, or removing a succession representative, or granting an interim allowance under Article 3321 shall be executed provisionally, notwithstanding appeal. [Emphasis added.]
>
> The acts of a succession representative shall not be invalidated by the annulment of his appointment on appeal.

The first clause of La. C.C.P. art. 2974 states that appeals from orders and judgments rendered in succession proceedings shall be governed by the rules applicable to appeals in ordinary proceedings. Succession of Ally, 22-16 (La. App. 5 Cir. 12/31/22), 354 So.3d 1248, 1250. Therefore, La. C.C.P. arts. 1841, 1915, and 2083 apply to judicial review of succession orders and judgments the same as they apply to judgments in other proceedings. Id. This court's appellate jurisdiction only extends to final judgments and interlocutory judgments when expressly provided by law. La. C.C.P. art. 2083. Applying these legal precepts, we find the April 11, 2023 judgment is not immediately appealable for the following reasons.

First, upon review, the judgment appealed (*i.e.*, judgment granting Mr. Cotaya's motion to consolidate and motion to adopt and denying Ms. Tosh's petition

to dismiss) does not determine the merits of the succession proceedings "in whole or in part." The April 11, 2023 judgment only determines preliminary matters in the course of the succession proceedings and thus, it is an interlocutory judgment. La. C.C.P. art. 1841.[4] Here, the litigants all remain in the case, the judgment does not dispose of all issues in controversy or determine in full the merits of their respective claims. Moreover, as of the date of this judgment, the heirs have not been placed in possession of their respective portions of their parents' estates and a judgment homologating a final account has not been rendered. La. C.C.P. art. 3337.[5] Thus, since the judgment does not adjudicate all claims, rights, and liabilities of all the litigants, it is not a final, appealable judgment. See also La. C.C.P. art. 1915 B(2).

Secondly, even though the Louisiana Code of Civil Procedure grants the right to an immediate appeal of certain judgments in succession proceedings, the instant judgment does not fall within any of those categories (*i.e.*, La. C.C.P. art. 3308 provides that a suspensive appeal of a judgment homologating a tableau of distribution "shall be allowed" and La. C.C.P. art. 3337 provides that a judgment homologating a final account "has the same effect as a final judgment").[6]

Thirdly, absolute nullities set forth in La. C.C.P. art. 2002 may be asserted at any time, in a collateral proceeding, and before any court. State v. Ramos, 18-136

---

[4] La. C.C.P. art. 1841 provides:
   A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
   A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
   A judgment that determines the merits in whole or in part is a final judgment.

[5] La. C.C.P. art. 3337 provides:
   A judgment homologating any account other than a final account shall be prima facie evidence of the correctness of the account.
   A judgment homologating a final account has the same effect as a final judgment in an ordinary action.

[6] In Succession of Ally, 354 So.3d at 1251, this court found that there was "no provision in statutory law which expressly states that an order or judgment which removes and/or appoints a succession representative is appealable, absent dismissal of a party under La. C.C.P. art. 1915 A, or a proper designation of this partial judgment as final and appealable under La. C.C.P. art. 1915 B." This court further explained why the references to appeal in La. C.C.P. art. 2974 and 2122 do not expressly make such a judgment appealable, nor do they presuppose or imply appellate jurisdiction. Id. Specifically, La. C.C.P. art. 2974 does not expressly create appellate jurisdiction for the four matters listed therein, but merely provides an exception to the general rule that the district court loses jurisdiction while on appeal by allowing those matters to be handled "provisionally" while the case is on appeal pursuant to *existing* appellate jurisdiction.

(La. App. 5 Cir. 12/27/18), 264 So.3d 564, 567; Jefferson Community Health Care Center, Inc. v. Roby, 15-198 (La. App. 5 Cir. 11/19/15), 180 So.3d 585, 587. It is well-settled that an absolutely null judgment may be collaterally attacked by any procedural means, including a contradictory motion or rule. Succession of Burley, 23-688 (La. App. 3 Cir. 03/27/24), 386 So.3d 1090, 1095; Zavala v. Dover Construction USA, LLC, 17-1 (La. App. 1 Cir. 04/11/18), 249 So.3d 24, 29; Barnett Marine, Inc. v. Van Den Adel, 96-1029 (La. App. 5 Cir. 04/09/97), 694 So.2d 453, 456-457, writ denied, 97-1236 (La. 09/26/97), 701 So.2d 983. However, the denial of a motion for nullity is not a final judgment under La. C.C.P. arts. 1915, 1841 or 2083. Phipps v. Schupp, 17-67 (La. App. 4 Cir. 07/19/17), 224 So.3d 1019, 1021. A judgment is final when it disposes all of the remaining issues in the proceeding and therefore, concludes the litigation. Id., citing Bennett v. Laperouse and Son, Ltd., 09-1099 (La. App. 1 Cir. 02/12/10), 35 So.3d 364. Thus, when the judgment denying the motion for nullity disposes of all remaining issues between the parties, the judgment should be considered a final appealable judgment. See, *e.g.*, Westport Ins. Corp. v. Salley, 08-1450 (La. App. 3 Cir. 05/06/09), 10 So.3d 1256; writ not considered, 09-1310 (La. 09/25/09), 18 So.3d 95; Jefferson Parish Hosp. Service Dist. No. 2 v. K & W Diners, LLC, 10-767 (La. App. 5 Cir. 04/12/11), 65 So.3d 662, 664. In this case, the portion of the judgment denying the motion for nullity (*i.e.*, denying Ms. Tosh's petition to dismiss) does not dispose of all remaining issues between the parties and therefore, it is interlocutory.

Fourthly, we find that the judgment is not an appealable partial final judgment as set forth in La. C.C.P. art. 1915 A. The judgment granting Mr. Cotaya's motion to consolidate and motion to adopt and denying Ms. Tosh's petition to dismiss does

not fall within one of the six specific judgments which may be a partial final judgment. La. C.C.P. art. 1915 A.[7] Further, La. C.C.P. art. 1915 B provides:

> B. (1) When a court renders a *partial* judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the *judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay*. [Emphasis added.]
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, pursuant to La. C.C.P. art. 1915 B(1), when a trial court renders a partial judgment on one or more, but fewer than all of the claims, the judgment shall not constitute a final judgment unless the court designates the judgment as final after an express determination that there is no just reason for delay. In this case, the trial court did not make an express determination that there is no just reason for delay and did not designate the judgment as final and appealable. Consequently, under the provision of La. C.C.P. art. 1915 B(2), the judgment is not a partial final judgment which is immediately appealable. Absent such a designation, the judgment remains interlocutory and "may be revised at any time prior to the rendition of the final judgment adjudicating all the claims and the rights and liabilities of all the parties." La. C.C.P. art. 1915 B(2).

---

[7] La. C.C.P. art. 1915 A provides:
    A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
    (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
    (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
    (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
    (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
    (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
    (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

Lastly, La. C.C.P. art. 2083 C provides that "An interlocutory judgment is appealable only when expressly provided by law." Consequently, an appeal of an interlocutory judgment cannot be implied or presupposed from a statutory provision which does not *expressly* state that the judgment is appealable. Succession of Ally, 354 So.3d at 1251. The interlocutory judgment in this case is not appealable.

Accordingly, because the April 11, 2023 judgment in this case is an interlocutory judgment for the reasons stated herein, this court lacks appellate jurisdiction.

Moreover, to the extent this court has supervisory jurisdiction over interlocutory judgments, like the judgment in this case, the record shows that appellant previously sought this court's supervisory jurisdiction regarding the April 11, 2023 judgment by a writ application filed on May 3, 2023. This court denied appellant's writ application on May 25, 2023. The Successions of Milton and Edna Cotaya, 23-238 (La. App. 5 Cir. 05/25/23) (unpublished writ disposition).

**DECREE**

For the reasons stated herein, this court lacks appellate jurisdiction. Accordingly, this appeal is dismissed and the matter is remanded to the trial court for further proceedings. The costs of this appeal are assessed against appellant, Vicki Tosh.

**APPEAL DISMISSED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 5, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-CA-38
**C/W 24-CA-40**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
J. DOUGLAS SUNSERI (APPELLEE)          GEORGE M. MCGREGOR (APPELLANT)          JAMES A. HARRY (APPELLANT)
ROBERT J. DAIGRE (APPELLANT)          WILLIAM R. PENTON, III (APPELLANT)

**MAILED**
KATHRYN A. E. SUNSERI (APPELLEE)          CESAR R. BURGOS (APPELLANT)
ATTORNEY AT LAW                          LEILA M. BONILLA (APPELLANT)
3000 18TH STREET                          ATTORNEYS AT LAW
METAIRIE, LA 70002                        3535 CANAL STREET
                                          SUITE 200
                                          NEW ORLEANS, LA 70119