# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-856


KARL E. KIMSEY

VERSUS

NATIONAL AUTOMOTIVE INSURANCE
COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2011-0102-A
HONORABLE MARTHA O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.


**APPEAL DISMISSED. MOTION TO CONVERT APPEAL TO A
SUPERVISORY WRIT APPLICATION DENIED. REMANDED.**

R. Scott Iles
Post Office Box 3385
Lafayette, LA   70502
(337) 234-8800
COUNSEL FOR PLAINTIFF/APPELLANT:
    Karl E. Kimsey

Allen J. Mitchell, II
Mitchell & Blanco, LLC
One Lakeshore Drive, Suite 1495
Lake Charles, LA   70629
(337) 436-8686
COUNSEL FOR DEFENDANT/APPELLEE:
    State Farm Mutual Automobile Insurance Company

**Brent N. Carriere**
**Allen & Gooch**
**Post Office Box 81129**
**Lafayette, LA   70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **National Automotive Insurance Company**

**AMY, Judge.**

The plaintiff alleged injury to his knee following an automobile accident. Although the plaintiff's insurer provided some medical treatment for the knee injury, it denied a recommended knee reconstruction. Thereafter, the plaintiff filed suit against his insurer as well as the driver of the other vehicle and the defendant driver's insurer. The trial court found in favor of the plaintiff, awarding lost wages and ordering the plaintiff's insurer to provide knee surgery within a year if pursued by the plaintiff. The trial court also awarded loss of future earnings in the event the plaintiff pursued surgery. Although the plaintiff appeals, and upon a finding that the ruling under review is not a final appealable judgment, we dismiss the appeal and the insurer's answer. We further deny the plaintiff's request that this matter be converted to an application for supervisory writ. We remand this matter for further proceedings.

### Factual and Procedural Background

The plaintiff, Karl E. Kimsey, alleges that he sustained left knee injury in an automobile accident on February 3, 2010. At the time of the accident, Mr. Kimsey was seventeen years of age and was driving a vehicle owned by his father. The vehicle was insured by State Farm Mutual Automobile Insurance Company. The pertinent policy included, not only liability and medical payments coverage, but $50,000.00 in uninsured-economic only coverage as well. The other vehicle in the accident was driven by Terry Dickens and owned by Mr. Dickens's brother. That vehicle was insured by a $10,000.00 policy issued by National Automobile Insurance Company (NAIC).

Mr. Kimsey reported that following the accident, he began experiencing left knee pain. He ultimately began treatment with Dr. John Park, an orthopedic

surgeon, for a partial ACL tear of the left knee. That treatment included physical therapy and, eventually, an arthroscopic procedure to better balance the kneecap. The testimony indicated that Mr. Kimsey did not return to work during his period of rehabilitation after the arthroscopic surgery and that, upon his return, he was subject to certain physical limitations. Although Mr. Kimsey indicated that he would like to have a knee reconstruction, as recommended by Dr. Park, he was unable to afford the surgery.

Mr. Kimsey filed the present matter, naming Mr. Dickens, State Farm, and NAIC as defendants. State Farm thereafter filed a cross-claim, asserting a subrogation claim for sums paid under its policy. Prior to trial, Mr. Kimsey stipulated that his damages did not exceed $50,000.00. By the time of the resulting bench trial, State Farm continued to contest its responsibility for the left knee reconstruction recommended by Dr. Park. State Farm further contested Mr. Kimsey's claim for future loss of earning capacity.

The trial court ruled in favor of Mr. Kimsey, awarding the plaintiff the limits of the NAIC policy, less a sum previously tendered by NAIC to State Farm. The trial court further ordered State Farm to pay past and present lost wages in the amount of $3,850.00, reflecting Mr. Kimsey's period of recovery following the arthroscopic procedure performed by Dr. Park. Further, the trial court determined that Mr. Kimsey was entitled to future medical expenses relating to the knee reconstruction recommended by Dr. Park and estimated those expenses to be approximately $34,602.00. It ordered the plaintiff's expert in vocational rehabilitation to facilitate the scheduling of that surgery and subsequent physical therapy. The trial court ordered State Farm to approve any scheduled surgery within one year and determined that State Farm's associated responsibility was

2

limited to the remaining balance of its uninsured economic only policy, $36,400.00.

The trial court further ordered State Farm to pay loss of future earnings for a specified time in the event that surgery was scheduled and for a contingent award in the event surgery was not scheduled. In the event that Mr. Kimsey did not undergo surgery within one year, the trial court determined that any party could return to the court "to address whether or not these costs should be paid at a future date or whether the obligation should be terminated." The trial court awarded an expert fee of $1,000.00 to the plaintiff's vocational rehabilitation expert for his services at trial.

As for State Farm's cross claim, the trial court determined that its claim against NAIC was extinguished by NAIC's payment of its policy limits. Additionally, the trial court granted State Farm's claim against Mr. Dickens for the payment of past lost wages. Finally, the trial court granted the claim against Mr. Dickens for "any future amounts payable to Karl Kimsey or on his behalf for medical services or treatment as a result of this Court's ruling with regard to future medicals."

Mr. Kimsey appeals. State Farm answers the appeal, arguing that the award of future medical expenses should be reversed.

## Discussion

*Final Judgment – Subject Matter Jurisdiction*

Among other assignments, Mr. Kimsey objects to the trial court's ruling insofar as the trial court determined that he was entitled to the knee reconstruction surgery recommended by Dr. Parks, but that the trial court did not award monetary costs associated with surgery. Instead, the trial court ordered Mr. Kimsey's

vocational rehabilitation expert, Mr. Hebert, to facilitate the scheduling of surgery with certain area physicians. In turn, the trial court ordered State Farm to approve the surgery in the event that surgery was scheduled within one year and that if the plaintiff failed to do so within one year, "any party may return to this Honorable Court to address whether or not these costs should be paid at a future date or whether the obligation for payment of same should be terminated." Mr. Kimsey challenges the award insofar as it orders Mr. Hebert, a third party, to facilitate the surgery and, further, did not make a specific monetary award. In its answer, State Farm asserts that the trial court's hesitancy to award specific monetary damages reveals a lack of evidence regarding the necessity of the surgery.

We do not reach the merits of the parties' objections to the trial court's ruling in this respect. Instead, as is evident from the parameters of plaintiff's assignment of error in which he challenges the judgment's specific performance by the insurer and lack of a monetary award, the court's ruling does not constitute a final appealable judgment. Certainly, and although indirectly raised by the plaintiff's assignment of error, an appellate court has an independent duty to consider whether it has subject matter jurisdiction over the matter. *Brooks v. Sibille*, 12-1093, 12-1094 (La.App. 3 Cir. 1/30/13), 107 So.3d 826 (quoting *Gaten v. Tangipahoa Parish. Sch. Sys.*, 11-1133 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073).

With regard to an appeal, La.Code Civ.P. art. 2083(A) provides that "[a] final judgment is appealable in all causes in which appeals are given by law . . . ." "An interlocutory judgment[,]" however, "is appealable only when expressly provided by law." La.Code Civ.P. art. 2083(C). In consideration of whether a

4

ruling is a final or interlocutory judgment, and therefore important to the question of whether a ruling is suitable for appeal, La.Code Civ.P. art. 1841 provides that:

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment.

Additionally, La.Code Civ.P. art. 1918 provides that: "A final judgment shall be identified as such by appropriate language." Such a judgment must be precise, definite and certain. *Elston v. Montgomery*, 46,262 (La.App. 2 Cir. 5/18/11), 70 So.3d 824, *writ denied*, 11-1292 (La. 9/23/11), 69 So.3d 1165. Further, in *Elston*, the second circuit referenced supreme court jurisprudence indicating that a final judgment, rendered upon a money demand, must indicate the amount of recovery with certainty and precision. *Id.* (quoting *Fontelieu v. Fontelieu*, 116 La. 866, 41 So. 120 (1906)). Importantly, if the amount must be determined by a future contingency or ascertained by extrinsic reference (or is otherwise indefinite and uncertain), it is not a proper judgment. *Id. See also Vanderbrook v. Coachmen Indus., Inc.*, 01-0809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

In this case, it is clear that the trial court's ruling is not final as it is conditional and determined by the future contingency of Mr. Kimsey scheduling surgery within one year. Further, and although the trial court recognized the quantum of future medical expenses proven, the trial court's judgment did not cast the defendant(s) in judgment for that figure. *See Elston*, 70 So.3d 824. In short,

5

the award of the claimed future medical expenses, and the related loss of future earnings, was not awarded with certainty and precision. *Id.* Rather, the award was indefinite, conditional, and would only become payable upon the plaintiff's further action. That indefinite quality is further evident from the judgment's indication that, if the surgery is not scheduled "within one year of the Court's Judgment, becoming final any party may return to this Honorable Court to address whether or not these costs should be paid at a future date or whether the obligation for payment of same should be terminated."[1]

---

[1] The equivocalness of the trial court's award of future medical expenses and loss of earnings is apparent from consideration of the judgment in its totality. The judgment provides as follows:

> The above captioned matter came before the Court [for] bench trial on August 22, 2012. Written reasons for Judgment were issued by the Court on October 19, 2012, and Amended Reasons for Judgment were issued on November 26, 2012. The Court finds in favor of Karl Kimsey and against Terry Dickens on the issue of liability. Furthermore, the orders of the Court are as follows:

> IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Karl Kimsey and against Terry Dickens and National Automotive Insurance Company in the amount of $9,058.16, together with judicial interest from the date of demand until paid.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be an award in favor of Karl Kimsey for past and present lost wages in the amount of $3,850.00.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that future medical expenses be awarded to Karl Kimsey in the form of directing the plaintiff's expert witness, Glenn M. Hebert, to facilitate knee surgery and post-operative physical therapy which the Court has approximated at $34,602.00. Mr. Hebert is directed to schedule the surgery by a physician of the plaintiff's choosing in the Alexandria, Lake Charles or Lafayette area, without cost to the defendants.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, State Farm Mutual Automobile Insurance Company, is to approve the surgery scheduled by Mr. Hebert without fail, provided that the surgery is scheduled within one year of the Court's ruling becoming final. State Farm Mutual Automobile Insurance Company's exposure and responsibility for payment for the surgery or associated costs is limited to the remaining balance of its UEO policy limits of $36,400.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if surgery is scheduled and performed within the time frame directed by the Court, Karl Kimsey is awarded the sum of $300.00 per week during his recovery for a maximum period of thirty-six (36) weeks. Alternatively, in the event that the surgery is not scheduled, Karl

In light of the conditional and uncertain nature of the judgment, we find that subject matter jurisdiction is lacking for consideration of this matter as an appeal. Therefore, we find it appropriate to dismiss the appeal and remand for further proceedings. We do so below.

We further observe, here, that at the oral argument conducted in this matter, the plaintiff requested that this court consider the matter under its supervisory jurisdiction in the event the panel concludes that the ruling presented is not a final judgment. *See* La.Const. art. 5, § 10(A)(providing that a court of appeal has "supervisory jurisdiction over cases which arise within its circuit."). Subsequent to oral argument, the plaintiff filed a "Motion to Convert Appeal to a Supervisory Writ Application in the Alternative." Given the nature of the plaintiff's motion to

---

Kimsey is to receive $50.00 per week for a period of eight (8) weeks to be paid by State Farm Mutual Automobile Insurance Company.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if Karl Kimsey fails to schedule and complete the surgery within one year of the Court's Judgment, becoming final any party may return to this Honorable Court to address whether or not these costs should be paid at a future date or whether the obligation for payment of same should be terminated.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert fee of Glenn M. Hebert is set at $1,000.00 for his trial testimony.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cross claim by State Farm Mutual Automobile Insurance Company against National Automobile Insurance Company is resolved by National Automobile Insurance Company's payment of the balance of its policy limits to plaintiff, thus exhausting National Automobile Insurance Company's total obligations to all claimants.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment on the Cross Claim is granted in favor of State Farm Mutual Automobile Insurance Company against Terry Dickens in the amount of $7,450 which reflects prior and future payment to Karl Kimsey for past lost wages. Judgment is furthered [sic] granted in favor of State Farm Mutual Automobile Insurance Company against Terry Dickens for any future amounts made payable to Karl Kimsey or on his behalf for medical services or treatment as a result of this Court's ruling with regard to future medicals.

IT IS FINALLY ORDERED, ADJUDGED AND DECREED that court costs be evenly assessed against the defendants, National Automotive Insurance Company and State Farm Mutual Automobile Insurance Company.

convert the appeal into an application for supervisory writ, it is apparent that the traditional formalities associated with such an application have not been satisfied. La.Code Civ.P. art. 2201; Uniform Rules—Courts of Appeal, Rule 4-1, *et seq.* (providing, in part that: "An application for writs of any kind . . . shall not be considered by the court or any judge of the court unless it is properly filed with the clerk.").

Notwithstanding that lack of formal procedure, and although it is otherwise within the discretion of an appellate court to convert an appeal to an application for supervisory writ, we do not exercise that discretion in this instance. *See Stelluto v. Stelluto*, 05-0074 (La. 6/29/05), 914 So.2d 34. Importantly, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal. *Thomas v. Lafayette Par. Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), _ So.3d _. In this instance, an adequate remedy by appeal will exist upon the entry of a precise, definite and certain judgment, one that denies or grants relief without the presence of contingencies as referenced above.

For these reasons, we dismiss the defendant's appeal and further deny the motion to convert the appeal to an application for supervisory writ. We remand for further proceedings.

**DECREE**

For the foregoing reasons, we dismiss the appeal of the plaintiff, Karl Kimsey, as well as the related answer filed by the defendant, State Farm Mutual Automobile Insurance Company. Additionally, we deny the plaintiff's motion to

8

convert appeal to a supervisory writ application.  We remand this matter for further

proceedings.

**APPEAL DISMISSED.  MOTION TO CONVERT APPEAL TO A SUPERVISORY WRIT APPLICATION DENIED.  REMANDED.**