# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 13-1118

**MACK I. FRANK**

**VERSUS**

**CITY OF EUNICE, LOUISIANA MUNICIPAL
ASSOCIATION INSURANCE GROUP,
HILMA POTIER DUPRE, AND
KENNETH DUPRE**

**\*\*\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, DOCKET NO. 09-C-4716-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
James T. Genovese, Judges.

**APPEAL DISMISSED;
REMANDED.**

**Pride J. Doran**
**Quincy L. Cawthorne**
**Chris B. Lear**
**Doran & Cawthorne Law Firm, PLLC**
**521 East Landry Street**
**Post Office Box 2119**
**Opelousas, Louisiana 70571-2119**
**(337) 235-3989**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Mack I. Frank**

**Karen Day White**
**700 North Tenth Street, Suite 440**
**Baton Rouge, Louisiana 70802**
**(225) 344-5001**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**The City of Eunice**

**Donald R. Richard, Jr.**
**Post Office Drawer 1370**
**Eunice, Louisiana 70535**
**(337) 457-4116**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Kenneth Dupre and Hilma Dupre**

**GENOVESE, Judge.**

In this suit to annul tax sales and to rescind public sales of immovable properties, the trial court rendered a judgment: (1) in favor of Plaintiff, Mack I. Frank, annulling and rescinding the tax sales on the properties; (2) in favor of Defendants/Plaintiffs in Reconvention, Kenneth and Hilma Dupre,[1] for the return of the purchase prices paid to Defendant, the City of Eunice; and, (3) in favor of the Dupres against Mr. Frank for recoupment of expenses incurred by them relative to the properties. Mr. Frank has appealed this judgment. For the following reasons, we dismiss the appeal and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Mack I. Frank was the owner of three properties located in Eunice, Louisiana. Mr. Frank failed to pay outstanding ad valorem taxes and demolition liens on the properties. Accordingly, tax sales were held, and the three properties were adjudicated to the City of Eunice.

The City of Eunice later conducted public sales of the properties, all of which were purchased by Kenneth Dupre and Hilma Dupre. The Dupres took possession of the properties and began construction and repairs. They also began incurring expenses relative to the properties.

Mr. Frank filed suit seeking to have the tax sales of the properties annulled as well as the public sales of the properties from the City of Eunice to the Dupres. The Dupres filed a reconventional demand against Mr. Frank and asserted claims against the City of Eunice, asserting that in the event that either the tax sales or the public sales of the properties to them by the City of Eunice were found to be null,

---

[1]Although the caption of the original petition names Mrs. Dupre as "Hilma Potier Dupre," the answer filed on her behalf and other documents in the record identify her as "Hilmar Portier Dupre." The trial court judgment refers to Mrs. Dupre and "Hilmar" and "Hilmer." For clarity, we shall refer to her as "Hilma" in this opinion.

then they were entitled to recoup the expenditures made by them either from Mr. Frank and/or the City of Eunice.

Following trial, the trial court rendered judgment which read, in pertinent part, as follows:

> This cause came before this Court on the 30[th] day of January, 2013.

> When, after considering all of the arguments and the evidence submitted, the Court considering the facts and law to be in favor of Plaintiff, Mack Frank, and in favor of Plaintiffs-in-Reconvention, Hilma[] Potier Dupre and Kenneth Dupre, for reasons detailed within its Reasons for Judgment of March 14, 2013.

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be Judgment in favor of the Plaintiff, Mack Frank, and against the Defendant, [the] City of Eunice, invalidating the tax sale and auction of 611 Lewis St., and the tax sale and auction of 311 and 315 Roosevelt St., as the Court finds there was no notice to [P]laintiff of the delinquency or of the subsequent proceedings purporting to divest him of his interest in those properties;

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with La. Const. Art. VII § 25, in order for Plaintiff, Mack Frank, to regain ownership and possession of his property, he must pay to the City of Eunice all due taxes and liens on the Lewis St. property ($6,974.83) plus ten percent per annum (calculated to be $3,049.82 as of March 14, 2013), as well as all due taxes and liens on the Roosevelt St. propert[ies] ($6,958.11) plus ten percent per annum (calculated to be $3,042.51 as of March 14, 2013);

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Hilmer [sic] Potier Dupre and Kenneth Dupre, against Mack Frank, for the total expenditures on the properties, which the Court finds were in good faith. These include FOURTEEN HUNDRED ($1,400.00) DOLLARS AND NO/100 CENTS for "good faith constructions"; NINE THOUSAND THREE HUNDRED AND SEVENTY ($9,370.00) DOLLARS AND NO/100 CENTS for "necessary expenses"; and EIGHT THOUSNAD [sic] THREE HUNDRED AND TWENTY ($8,320.00) DOLLARS AND NO/100 CENTS for "useful expenses,["] totaling NINETEEN THOUSAND NINETY DOLLARS ($19,090.00) AND NO/100 CENTS.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Hilmer [sic] Potier Dupre and Kenneth Dupre, against the City of Eunice, in the amount of TWENTY-EIGHT THOUSAND FIVE HUNDRED FIFTY THREE

2

DOLLARS ($28,553.00) AND NO/100 CENTS, representing the total of the purchase prices they paid the City of Eunice for the Roosevelt St. and Lewis St[.] properties;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, Mack Frank, will only regain possession of the properties once: 1) [P]laintiff has paid all delinquent taxes, liens and interest due on the properties as [sic] issue in accordance with La. Const. Art. VII § 25; 2) [P]laintiff has paid the Dupres for their expenditures on the properties they possessed in good faith ($19,090.00); AND 3) the City of Eunice returns to the Dupres the price paid for the properties along with the other costs incurred ($28,553.00). Unless and until the Dupres are compensated by both Defendants-in-Reconvention, AND Mack Frank pays to the City of Eunice the delinquent taxes, liens and interest, the properties are to remain [in] the possession of Hilma[] Potier Dupre and Kenneth Dupre.

For the reasons that follow, we dismiss Mr. Frank's appeal on our own motion[2] and remand for further proceedings.

## LAW AND DISCUSSION

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. *Motorola, Inc. v. Associated Indemnity Corporation*, 02-1351 (La.App. 1 Cir. 10/22/03), 867 So.2d 723, 725. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La.Code Civ. Proc. Ann. art. 1841. A final judgment must be identified as such by appropriate language. La.Code Civ. Proc. Ann. art. 1918. **A valid judgment must be precise, definite, and certain**. *Laird v. St. Tammany Parish Safe Harbor*, 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 01-2016 (La.App. 1 Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record. *Laird*, 836 So.2d at 366.

---

[2]An appellate court may dismiss an appeal on its motion where there is no right to appeal. La.Code Civ.P. art. 2162.

*Brooks v. Sibille*, 12-1093, pp. 2-3 (La.App. 3 Cir. 1/30/13), 107 So.3d 826, 828 (emphasis added) (quoting *Gaten v. Tangipahoa Parish Sch. Sys.*, 11-1133, pp. 3-4 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074).

In the instant matter, we find that the judgment of the trial court is not a valid, final judgment. Although the judgment declares the tax sales and auctions of the properties at issue to be invalid, subsequent provisions within the judgment are contradictory, and the provisions of the judgment lack precision, definiteness, and certainty.

The initial decree of the judgment in favor of Mr. Frank declares the tax sales and auctions to be invalid due to lack of notice. However, the trial court's finding that the "proceedings purporting to divest him of his interest in those properties" were without legal effect is wholly inconsistent with the subsequent provisions of the judgment decreeing that "in order for [Mr. Frank], to regain ownership and possession of his property, he must pay to the City of Eunice all due taxes and liens." If Mr. Frank was never divested of his ownership in the properties, it is axiomatic that he need not take affirmative action to regain that which he never lost.

Additionally, the relief granted by the trial court's judgment is not "precise, definite, and certain." *Gaten*, 91 So.3d at 1074. Rather, the ultimate resolution of the dispute between the parties remains contingent upon the occurrence of future events. Specifically, the final paragraph quoted above conditions Mr. Frank regaining possession of the properties, despite his ownership thereof, upon three occurrences: namely, (1) Mr. Frank must pay the City of Eunice the unpaid taxes and liens; (2) he must pay the Dupres for the costs and expenses they incurred; and, (3) the City of Eunice must return the purchase price of the properties to the Dupres—a contingency over which Mr. Frank has no control. Again, despite

4

Mr. Frank's ownership, in order to regain possession of that which he owns, "[u]nless and until" these express conditions are fulfilled, "the properties are to remain [in] the possession of Hilma[] Potier Dupre and Kenneth Dupre." The judgment of the trial court creates the conundrum that Mr. Frank may own the properties at issue, yet he may not possess the properties; the Dupres, although not owners of the properties, may retain possession thereof; the Dupres and/or the City of Eunice may not be reimbursed the amounts owed to them; and, for all practical purposes, the properties will have unmerchantable title.

For the foregoing reasons, we find that the judgment of the trial court is indeterminate and not a valid, final, appealable judgment which legally permits appellate jurisdiction. As this court lacks subject matter jurisdiction, we must dismiss the present appeal and remand for further proceedings. *See Brooks*, 107 So.3d 826.

## DECREE

For the reasons assigned, we dismiss the present appeal and remand the matter to the trial court for further proceedings. Costs of this appeal are assessed to Mack I. Frank.

**APPEAL DISMISSED;**
**REMANDED.**

5