STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-422

GOAL PROPERTIES, INC.

VERSUS

JANET CRAIG PRESTRIDGE, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 235,189
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.

APPEAL DISMISSED AND REMANDED.

Gregory Engelsman
Bolen, Parker, Brenner, Lee
& Engelsman, LTD.
Post Office Box 11590
Alexandria, LA   71315-1590
(318) 445-8236
COUNSEL FOR PLAINTIFF/APPELLANT:
        Goal Properties, Inc.

**Brian K. Thompson**
**Law Offices of Brian K. Thompson, APLC**
**Post Office Box 13984**
**Alexandria, LA   71301**
**(318) 473-0052**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Janet Craig Prestridge**
**Joan Craig Sonnier**
**James Robert Craig**

**AMY, Judge.**

The parties to this lawsuit own adjoining parcels of real property. A dispute arose as to the ownership of portions of the property and this action followed. At the hearing, the trial court found that the defendants' reconventional demand was a possessory action and heard the matter as a possessory action. Thereafter, the trial court granted the defendants' possessory action to the extent of their claimed and maintained boundaries as evidenced at the hearing. The plaintiff appeals. For the following reasons, we dismiss the appeal and remand to the trial court for further proceedings.

### Factual and Procedural Background

The plaintiff, Goal Properties, Inc.,[1] purchased a parcel of land in Section 7, T2N-R2E, along the Red River in Rapides Parish. The defendants, Janet Craig Prestridge, Joan Craig Sonnier, and James Robert Craig, own land to the east or southeast of Goal's parcel. According to the record, after Goal purchased the property, a dispute arose as to the extent of Goal's holdings on its eastern boundary. The record indicates that the dispute was precipitated when the defendants began constructing a new fence on what Goal considered its property. Goal contends that it owns 143.94 acres,[2] bounded on the north by Section 33 and extending to the border of Section 6 on the east. Goal also contends that its southern/southeastern boundary with the defendants corresponds with an old fence, which is also shown on a 1971 survey made by Barrett Gremillion. The defendants

---

[1] Goal is also referred to as "Goal Properties, LLC" in the record.

[2] The total acreage of Goal's alleged property is also referred to as "142.83 acres." Our review of the record reveals two different versions of a survey of Goal's property completed by Frank Willis, one dated January 23, 2007, for 142.83 acres and one dated April 20, 2007, for 143.94 acres. Mr. Willis' testimony indicated that he performed preliminary work in early 2007, but that the survey was not finalized until April 20, 2007.

contend that the 1971 Gremillion survey incorrectly placed their boundary with Goal 160 feet east of the actual boundary, more or less, and that their property runs all the way to the Section 7/Section 33 border. In support of this contention, they note that Goal's original property description was for a significantly smaller amount—97 acres, more or less—than what Goal claims.

Goal filed a possessory action, asserting that it possessed the contested property by mowing, bush-hogging, and recreational use. The defendants filed a reconventional demand, initially asserting that the property has "always been in the possession of the ancestors in title of the [defendants] for the past 75 years and as such they are entitled to be recognized as the legal owners of the disputed portion." At trial, Goal argued that the defendants' reconventional demand had converted its possessory action into a petitory action, and that the burden of proof had shifted to the defendants. The trial court rejected that argument, finding that the matter remained a possessory action. After hearing the evidence and testimony, the trial court found in favor of the defendants, determining that they possessed the property to the boundaries claimed in court. Thereafter, the trial court entered judgment granting the defendants' possessory action and denying Goal's possessory action. The trial court also granted Goal a period of time in which to file a petitory action.

Goal appeals, asserting that:

1. The trial court erred by allowing the defendant/plaintiff in reconvention to try the case as a possessory action, as opposed to a petitory action, as set forth in the original and first supplemental and amending reconventional demands.

2. The trial court's judgment awarding possession to the Craig heirs was erroneous when they had confessed the possession of Goal properties with their reconventional petitory action.

2

3. If the court determines that the matter was not converted to a petitory action, and that trying the case as a possessory action was appropriate, the possessory action of the Craig heirs was clearly not supported by the testimony and was prescribed.

4. Plaintiff's testimony clearly proved that he possessed the property in excess of a year without interruption from the Craig heirs.

5. The court erred in finding possession by the Craig heirs when none of them actually possessed any of the property.

## Discussion

Although Goal assigns multiple errors concerning the classification of the defendants/plaintiffs-in-reconvention's action, the trial court's findings of fact, and issues of prescription, we find that the trial court's judgment does not satisfy the requirements of a final judgment and thus do not reach the merits of Goal's assignments of error.

An appeal can be dismissed at any time for lack of jurisdiction of the appellate court, and the appellate court has an independent duty to consider whether it has subject matter jurisdiction over a matter. La.Code Civ.P. art. 2162; *Kimsey v. Nat'l Auto. Ins. Co.*, 13-856 (La.App. 3 Cir. 2/12/14), __ So.3d __. Unless appellate jurisdiction is properly invoked by a valid final judgment, the appellate court cannot determine the merits of an appeal. *Creighton, Richards & Higdon, L.L.C. v. Richards Clearview L.L.C.*, 09-247 09-685 (La.App. 5 Cir. 10/29/09), 28 So.3d 391; La.Code Civ.P. art. 2083.

"A judgment that determines the merits in whole or in part is a final judgment." La.Code Civ.P. art. 1841. A judgment must be precise, definite, and certain. *Kimsey*, __ So.3d __; La.Code Civ.P. art. 1918, comment (a). In order to constitute a final appealable judgment, the "judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the

3

party against whom the ruling is ordered, and the relief that is granted or denied." *Frank v. City of Eunice*, 13-1118, p. 3 (La.App. 3 Cir. 3/5/14), 134 So.3d 222, 225. These requirements should be evident without reference to other documents in the record. *Id.*

Further, we find it instructive that "[a]ll final judgments which affect title to immovable property shall describe the immovable property affected with particularity." La.Code Civ.P. art. 1919. *See also* La.Code Civ.P. art. 2089.[3] The purpose of these articles is "to insure that the public in general, and title examiners, successful litigants, officials charged with executions of judgments and surveyors in particular, can accurately deal with the immovable property." *Hurst v. Ricard*, 558 So.2d 1269, 1272 (La.App. 1 Cir.), *writ denied*, 559 So.2d 1378 (La.1990). However, the failure to describe the property does not nullify the judgment rendered. *Fields v. Etheridge*, 487 So.2d 551 (La.App. 4 Cir. 1986). Additionally, in some cases where the record is sufficient such that the property's description is apparent from the record, the appellate courts have addressed the merits of the case and amended the judgment to include the description. *Id.*; *George M. Murrell Planting & Mfg. Co. v. Dennis*, 06-1341 (La.App. 1 Cir. 9/21/07), 970 So.2d 1075. In other instances where the property's description is apparent from the record, the appellate court has determined the merits of the matter and remanded for reformation of the judgment to comply with Article 1919. *Young v. Tolintino*, 44,631 (La.App. 2 Cir. 12/2/09), 26 So.3d 835, *writ denied*, 10-5 (La. 4/9/10), 31 So.3d 391; *Acadian Gas Pipeline Sys. v. Bourgeois*, 04-578 (La.App. 5 Cir. 11/30/04), 890 So.2d 634, *writ denied*, 04-3203 (La. 3/11/05), 896 So.2d 69.

---

[3] La.Code Civ.P. art. 2089 states "[a]ll judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected."

4

In its judgment, the trial court "ORDERED, ADJUDGED AND DECREED that the possessory action filed by [the defendants] is hereby granted to the extent of their claimed and maintained boundaries as evidence[d] in court." This judgment is neither precise, certain, nor definite. Further, it requires reference to other evidence in the record. Additionally, we note that the record in this case is insufficient for this court to amend the judgment to include a particular description of the property claimed by the defendants. As stated by a panel of this court in *Copellar v. Yount*, 344 So.2d 1114, 1115 (La.App. 3 Cir. 1977):

> As so often happens with parties familiar with a parcel of land in question, the parties who testified in this case appeared to understand one another and no doubt the court and counsel did. However, their testimony as it is recorded does not permit the fixing of boundaries, corners, physical monuments or other landmarks necessary to frame an accurate legal description of the tract affected by the trial court's judgment. In short, the parties may know where the disputed land is and where its boundaries are, but no title examiner or surveyor could locate it from the transcript of the trial testimony, even with the aid of the photographic exhibits.

In light of the indeterminate nature of the judgment, we find that subject matter jurisdiction is lacking for consideration of this matter as an appeal. Accordingly, we find it appropriate to dismiss the appeal and remand for further proceedings consistent with this opinion.

## DECREE

For the foregoing reasons, we dismiss the appeal and remand for further proceedings. Costs of this appeal are assessed to the appellant, Goal Properties, Inc.

**APPEAL DISMISSED AND REMANDED.**