# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-149


**GARY N. MORGAN**

**VERSUS**

**CRAIG STEPHEN PARDUE, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 47,733
HONORABLE LEO BOOTHE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## MARC T. AMY
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.


## APPEAL DISMISSED.  REMANDED FOR FURTHER PROCEEDINGS.

**J. W. Seibert, III**
**Madaline Cross Gibbs**
**Seibert and Gibbs, PA**
**Post Office Box 2038**
**Vidalia, LA   71373**
**(318) 336-9676**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Gary N. Morgan**

**Stephen Babcock**
**Chase Tettleton**
**Babcock Partners, LLC**
**10101 Siegen Lane, Suite 3C**
**Baton Rouge, LA   70810**
**(225) 344-0911**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Craig Stephen Pardue**
    **Leslie Pardue**
    **CLS Hunting Club, LLC**

**Brandy McClure**
**Post Office Box 665**
**Jonesville, LA   71343**
**(318) 339-7337**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Amanda Smith Pardue**

**AMY, Judge.**

The defendants in this matter are the purchasers, or successors-in-interest to the purchasers, of a certain parcel of immovable property. The credit sale deed provided for payment in the form of a cash payment, a promissory note, and ten years of payments which were expected pursuant to a federal contract on the property. The plaintiff subsequently filed suit seeking dissolution of the sale for nonpayment of the purchase price. After a trial, the trial court ordered dissolution of the sale. One of the defendants appeals. However, for the reasons that follow, we find that the trial court's judgment does not satisfy the requirements of a final judgment and that this court does not have jurisdiction in this matter. Accordingly, we do not reach any assignments of error, nor do we address the motion to strike filed by the appellant. We dismiss the appeal and remand the matter to the trial court for further proceedings consistent with this opinion.

## Factual and Procedural Background

The plaintiff, Gary Morgan, was the owner of a parcel of immovable property in Concordia Parish. According to the record, Mr. Morgan placed the property into the Conservation Reserve Program (CRP) through the Farm Service Agency (FSA). The record suggests that Mr. Morgan entered into a CRP contract whereby he agreed to abide by the rules and regulations of the CRP program and in return would receive a certain number of annual rental payments.

After Mr. Morgan entered into the CRP contract, he began negotiations with one of the defendants, Craig Stephen Pardue, to sell the property. The result of those negotiations was that, in 2009, Mr. Morgan sold the property by credit sale deed to Amanda Smith Pardue, Craig's then-wife, and their two children, Leslie Cristine Pardue and Stafford Weston Pardue. The credit sale deed provided for

payment in the form of a $74,000 cash payment; a $36,000 promissory note, payable at 5% interest and maturing in five years; and reservation to Mr. Morgan of ten years of CRP payments in the amount of $5,480 per year. The credit sale deed noted that the purchasers could satisfy the CRP reservation by making a lump sum payment equal to any remaining CRP payments. The $36,000 promissory note was attached and paraphed "ne varietur" to identify it with the credit deed.

Craig and Amanda have since divorced, and the record contains a community property settlement and amended community property settlement that transfers Amanda's 40% interest in the property to Craig and provides that Craig will hold Amanda harmless for any debt associated with the property. Craig, Stafford, and Leslie subsequently transferred their interest in the property to CLS Hunting Club, LLC. Documents filed into evidence indicate that Craig, Stafford, and Leslie were all managers of that limited liability company. Further, the record indicates that Stafford died after that transfer was made and that his interest was split between Craig and Leslie.

Whether annual payments were required by the promissory note is disputed by the parties. According to Mr. Morgan, the credit sale deed contemplates annual payments. Craig's position is that the promissory note itself does not require annual payments. Mr. Morgan testified that Craig was unable to make an annual payment in 2010, and that he and Craig agreed to forego that payment and recalculate the remaining payment schedule. The record indicates that Craig made a payment of $10,027.45 in 2011. Although Craig attempted a payment of $1,500 in 2012, Mr. Morgan refused to accept that payment. Craig also attempted a payment of $34,048.52 after the institution of this action; according to Craig, that payment was made on the maturity date of the promissory note and was sufficient

to satisfy the outstanding balance. The record indicates that Mr. Morgan refused acceptance of that payment as well and that those monies were deposited in the registry of the court.

In 2012, the FSA learned that Mr. Morgan was no longer the owner of the property. Whether the defendants had an obligation to transfer the CRP contract to their names and whether they had missed the window of opportunity to do so was hotly contested at trial. In any event, the FSA cancelled the CRP contract and required Mr. Morgan to repay the annual rental payments he had received, a "cost share" payment plus interest, and liquidated damages.

After the CRP contract was cancelled, Mr. Morgan filed the instant litigation, seeking dissolution of the sale pursuant to La.Civ.Code art. 2561 for nonpayment of the price. In addition to alleging that the defendants did not abide by the rules and regulations of the CRP program, which allowed the CRP contract to lapse and deprived him of the annual payments he was entitled to receive, Mr. Morgan alleged that the defendants failed to make annual payments as required by the promissory note.

After a trial, the trial court found in favor of Mr. Morgan and entered judgment:

> dissolving the sale of the property described in Paragraph 2 of Plaintiff's petition subject to a return of all consideration paid by the Defendants, Craig Stephen Pardue, Amanda Smith Pardue, Leslie Cristine Pardue, and the Unopened Succession of Stafford Weston Pardue, to the Plaintiff, Gary N. Morgan, less and except the following setoffs and credits:
>
> a) The repayment to FSA of $16,915.66 ($16,452.00 in principal and $463.66 in interest) which is the amount of the three (3) CRP payments which Plaintiff actually received subsequent to the sale plus interest;

3

  b) The balance of the retained and reserved CRP payments, and which amounts to $38,388.00;

  c) The cost share due by Plaintiff to FSA in the amount of $5,751.88;

  d) The liquidated damages due to FSA in the amount of $1,370.94;

  e) Lost hunting lease rentals in the amount of $1,500.00 for four (4) years, totaling $6,000.00.

  The total setoffs and credits applicable to the required return of the purchase price paid by Defendants to Plaintiff presently totals $68,426.48.

Craig now appeals, asserting that the trial court erred in dissolving the sale. Additionally, although she has not filed an answer to the appeal, Amanda requests in her appellate brief that she be dismissed from this suit. Finally, Craig has filed a motion to strike Mr. Morgan's appellate brief and its exhibits.[1]

## Discussion

*Subject Matter Jurisdiction*

An appeal can be dismissed at any time for lack of jurisdiction. *Goal Props., Inc. v. Prestridge*, 14-422 (La.App. 3 Cir. 11/5/14), 150 So.3d 610; La.Code Civ.P. art. 2162. Even when the parties do not raise the issue, appellate courts have the duty to examine *sua sponte* whether they have subject matter jurisdiction. *Frank v. City of Eunice*, 13-1118 (La.App. 3 Cir. 3/5/14), 134 So.3d 222. Significantly, the appellate court's jurisdiction is not properly invoked in the absence of a valid final judgment. *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909. *See also* La.Code Civ.P. art. 2083. A final judgment is one that determines the merits of a

---

[1]While Craig's motion to strike does not specify whether he objects to Mr. Morgan's brief or Amanda's brief, the timing of the filing and the context therein make it apparent that he is referring to Mr. Morgan's brief and exhibits.

4

controversy in whole or in part, and must be identified as such by appropriate language. *Brooks v. Sibille*, 12-1093, 12-1094 (La.App. 3 Cir. 1/30/13), 107 So.3d 826. *See also* La.Code Civ.P. arts. 1841 and 1918. Thus, a "final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Gaten v. Tangipahoa Parish Sch. Sys.*, 11-1133, p. 3 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073, 1047.

A final judgment must also be precise, definite, and certain. *Kimsey v. Nat'l Auto. Ins. Co.*, 13-856 (La.App. 3 Cir. 2/12/14), 153 So.3d 1035. Where a final judgment is rendered upon a money demand, the amount of recovery must be indicated with certainty and precision. *Id.* Further, a final judgment must not include amounts to be determined by a future contingency. *Id.* Similarly, "[t]hese requirements should be evident without reference to other documents in the record." *Goal Properties*, 130 So.3d at 613.

> The judgment herein dissolves the sale of the subject property:

> subject to a return of all consideration paid by the Defendants, Craig Stephen Pardue, Amanda Smith Pardue, Leslie Cristine Pardue, and the Unopened Succession of Stafford Weston Pardue, to the Plaintiff, Gary N. Morgan, less and except the following setoffs and credits[.]

Although the amounts of the setoffs and credits are defined in the judgment, the amount actually paid by the defendants to Mr. Morgan is not indicated. Certainly, that amount is not indicated with certainty and precision. Further, there is no way to determine what was paid by the defendants to Mr. Morgan without reference to other documents in the record. *See Goal Properties*, 150 So.3d 610. Thus, the amount of recovery due, and whether it is due to either Mr. Morgan or the defendants, is not apparent from the judgment. Accordingly, we find that the

judgment of the trial court, as constructed, is indeterminate and is therefore not a valid, appealable final judgment.

We additionally note that, when a final judgment concerns the title to immovable property, La.Code Civ.P. art. 1919 requires that the judgment "describe the immovable property affected with particularity."[2] The trial court's judgment in this matter fails to do so, instead referring to "the property described in Paragraph 2 of Plaintiff's petition[.]"

Accordingly, having found that the trial court's judgment is not a valid and appealable final judgment, this court lacks subject matter jurisdiction. Thus, we do not reach either Craig's assignments of error or Amanda's in-brief request. Nor do we reach Craig's motion to strike. We dismiss the present appeal and remand for further proceedings.

**DECREE**

For the foregoing reasons, we find that the trial court's judgment dated November 13, 2014, is not a valid and appealable final judgment. We dismiss the appeal and remand for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellant, Craig Stephen Pardue.

**APPEAL DISMISSED. REMANDED FOR FURTHER PROCEEDINGS.**

---

[2]As discussed in *Goal Properties*, 150 So.3d 610, in some cases where the judgment rendered has failed to describe the immovable property affected with particularity, and the record is sufficient such that the property's description is apparent from the record on appeal, the appellate court has addressed the merits of the matter and amended the judgment to include the description. *See, e.g., Fields v. Etheridge*, 487 So.2d 551 (La.App. 4 Cir. 1986). In other cases, the appellate court has determined the merits of the case and remanded for reformation of the judgment to comply with La.Code Civ.P. art. 1919. *See, e.g., Young v. Tolintino*, 44,631 (La.App. 2 Cir. 12/2/09), 26 So.3d 835, *writ denied*, 10-5 (La. 4/9/10), 31 So.3d 391. However, we have determined above that the judgment in this matter is not a valid and appealable final judgment and thus need not address this issue.