STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KEVIN ABSHIRE

VERSUS

TOWN OF GUEYDAN

**********

APPEAL FROM THE
OFFICE OF WORKERS'COMPENSATION - # 4
PARISH OF VERMILION, NO. 1404694
ANTHONY PALERMO, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.

**APPEAL CONVERTED TO WRIT. WRIT DENIED.**

**Michael Benny Miller**
**William J. Casanova**
**Miller & Associates**
**Post Office Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Kevin Abshire**

**Christopher R. Philipp**
**Post Office Box 2369**
**Lafayette, LA 70502**
**(337) 235-9478**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Town of Gueydan**

**AMY, Judge.**

The workers' compensation claimant sought penalties and attorney fees from his employer due to alleged underpayment for mileage reimbursement. The employer defended the claim by noting that the claimant entered only one-way mileage on the reimbursement form and asserting that it paid according to that form. At a hearing wherein the parties resolved other issues by stipulation, the workers' compensation judge heard the mileage dispute before ultimately denying the claim for penalties and attorney fees. The claimant appeals, questioning whether the resulting judgment was final due to its lack of specificity regarding the parties' stipulations. He further challenges the denial of his claim for penalties and attorney fees. For the following reasons, we convert the claimant's appeal to an application for supervisory writ and deny the writ.

## Factual and Procedural Background

Kevin Abshire sustained injury while in the course and scope of his employment with the Town of Gueydan in 2012. The record indicates that the Town provided medical benefits. However, the present matter was instituted in July 2014, when the claimant filed a disputed claim form, seeking penalties and attorney fees upon his allegation that the employer, through its administrator, Louisiana Municipal Risk Management Agency, "[f]ailed to properly pay mileage[.]" As developed by the record, the dispute involved Risk Management's payment of mileage reported on a "Mileage Expense Report" signed by the claimant on December 20, 2013. On that form, the claimant reported "ONE WAY" mileage for medical appointments from September 3, 2013 to December 17, 2013. Risk Management paid the claim, doing so for the one-way travel listed.

In support of his argument, however, the claimant asserted that Risk Management should have doubled the travel reported on the mileage claim form in order to compensate him for round trip mileage. Upon receipt of the July 2014 disputed claim form, Risk Management provided him with an additional check for $178.29 to reflect the round trip mileage sought. However, due to the claimant's contention that the mileage payment should have been initially provided by Risk Management, he continued to pursue the claim for penalties and attorney fees. Prior to the hearing, the claimant raised various additional claims.[1]

At the commencement of the May 2015 hearing, the parties informed the workers' compensation judge that all issues other than that of the penalties and attorney fees for the mileage dispute were resolved by stipulation. The workers' compensation judge allowed the reading of the stipulation by the claimant's attorney.[2] Thereafter, the workers' compensation judge heard the remaining issue, ultimately denying the claim for penalties and attorney fees upon a finding that mileage was timely paid as presented.

The claimant appeals, assigning the following as error:

1.    The workers' compensation judge manifestly and legally erred in failing to award a penalty and reasonable attorney fee for the Defendant's failure to properly pay the mileage request of December 20, 2013.

---

[1] The claimant's Answer to Pretrial Questionnaire indicates that, at one time, he raised various issues to be litigated at the hearing, including the occurrence of the work-related accident, the payment of the employer's payment of indemnity benefits, the reasonableness of the medical treatment provided, and whether proper rehabilitation services were provided.

[2] Claimant's counsel stated:

> We agree that the accident on August 23, 2012 in the course and scope, that he has a - - he's entitled to TTD benefits based on [an] average weekly wage of Four Ninety-four Sixteen with a corresponding comp rate of Three Twenty-nine Forty Six, as well as entitled to reasonable and necessary treatment resulting from his accident.

Counsel for the employer and for Risk Management responded: "That's fine. You can put it like that."

2. The workers' compensation judge committed legal error in failing to include in the judgment the stipulations of contested issues that were entered into in open court on the day of trial.

3. The workers' compensation judge committed legal error in determining that the language of the judgment was sufficiently precise, certain, and definite to constitute a final judgment.

## Discussion

*Finality of Judgment*

We first address the claimant's assertion that the judgment as rendered does not constitute a final judgment as that question bears on whether it is amenable for appeal. *See* La.Code Civ.P. art. 2083(A)(providing that "[a] final judgment is appealable in all causes in which appeals are given by law[.]"). *See also* La.Code Civ.P. art. 2083(C)(providing that an interlocutory judgment "is appealable only when expressly provided by law."). In particular, the claimant suggests that the judgment lacks finality as it does not contain the specifics of the parties' stipulations. Rather than dismiss his appeal as having been taken from an interlocutory judgment, the claimant asks that this court amend the judgment as rendered to specifically include the stipulation. While we do not amend the judgment as suggested by the claimant, we find merit in his assertion that the judgment was not properly appealable.

With regard to the form of a final judgment, La.Code Civ.P. art. 1918 provides that: "A final judgment shall be identified as such by appropriate language." Jurisprudence establishes that the final "judgment must be precise, definite and certain." *See, e.g., Kimsey v. Nat'l Auto. Ins. Co.*, 13-856, p. 5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1035, 1038 (citing *Elston v. Montgomery*, 46,262 (La.App. 2 Cir. 5/18/11), 70 So.3d 824, *writ denied*, 11-1292 (La. 9/23/11),

3

69 So.3d 1165). *See also* La.Code Civ.P. art. 1918, Comment (a). Furthermore, a final judgment must contain decretal language, name the party in favor of whom the ruling is made, and include the relief either granted or denied. *Goal Properties, Inc. v. Prestridge*, 14-422 (La.App. 3 Cir. 11/5/14), 150 So.3d 610 (quoting *Frank v. City of Eunice*, 13-1118 (La.App. 3 Cir. 3/5/14), 134 So.3d 222). Significantly, those requirements must "be evident without reference to other documents in the record." *Id.* at 613.

Upon review, it is clear that the judgment does not satisfy those requirements as to the issues resolved as it provides only generally that:

> Considering the stipulations, testimony, and evidence adduced at trial and for the oral reasons stated on June 19, 2015, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:
>
> 1.
> The defendants timely paid the plaintiff's mileage claims; and,
>
> 2.
> The plaintiff's claims for penalties and attorney fees are denied.

While the mileage issue and the related claim for penalties and attorney fees are resolved by reference to judgment, the resolution as to the issues resolved via stipulation is not evident without further reference to the transcript. Thus, the judgment does not constitute a final judgment for appeal purposes. *See Goal*, 150 So.3d 610.

However, notwithstanding the recognition that the judgment was not final for the appeal taken by the claimant, we neither remand the judgment for further modification nor do we amend the judgment. We instead convert this matter to an application for supervisory writ and consider this matter under our supervisory

4

authority. *See* La.Const. art. 5, § 10. *See also Stelluto v. Stelluto*, 05-0074 (La. 6/29/05), 914 So.2d 34.

*Mileage – Penalties and Attorney Fees*

The claimant concedes that he submitted one-way mileage to his medical appointments to Risk Management. Neither does he appear to contest that Risk Management provided payment following the submission of the mileage form. He contends, however, that the resulting payment must be viewed as an underpayment as Risk Management did not provide full, round trip mileage within sixty days of the December 2013 claim form. The claimant points to past mileage submissions, noting that he had previously been provided round trip mileage, despite having reported only one-way travel.

Louisiana Revised Statutes 23:1201(E)(1) provides that: "Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice[.]" As far as the claimant's request for mileage, La.R.S. 23:1203(D) provides that "the employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, medicines, and prosthetic devices, which the employer is required to furnish under this Section[.]" In the event the employer fails to timely provide the benefits as required, La.R.S. 23:1201(F) provides for the assessment of penalties and a reasonable attorney fee. However, penalties and attorney fees may not be awarded "if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." La.R.S. 23:1201(F)(2).

5

In denying the claimant's demand, the workers' compensation judge explained as follows in oral reasons for ruling:

> The Court finds that the employer received written notice on December 20, 2013, of the mileage reimbursement request. The mileage was paid on February 5, 2014. This was within 60 days. Therefore, the Court finds there are no penalties and attorney's fees owed for that payment.
>
> The Court further notes that a 1008 was filed on July 16, 2014, alleging an underpayment with regards to the mileage that was originally submitted on December 20, 2013. An additional check was issued on July 28, 2014, representing the alleged underpayment. That payment was made again within 60 days. Therefore, there are no penalties and attorney's fees owed for the mileage reimbursement request made on July 16, 2014.

Having reviewed the record, we find no manifest error in this determination. *See Brown v. Lafayette Ass'n of Retarded Citizens, Inc.*, 11-1595, p. 12 (La.App. 3 Cir. 6/20/12), 94 So.3d 950, 959 (explaining that a workers' compensation judge's decision as to whether "to cast an employer with penalties and attorney fees is a question of fact subject to the manifest error standard of review."). Rather, we find that the record reflects the workers' compensation judge's further observation that: "[t]he issue in this case is where the burden really lies."

Importantly, the burden of proving that the subject medical bill was not paid within sixty days of receipt of written notice is upon the claimant seeking the sanction of penalties and attorney fees. *Day v. Superior Derrick Serv.*, 11-749 (La.App. 3 Cir. 12/7/11), 80 So.3d 654. Simply, the claimant's claim for mileage, which was reported on a one-way basis (reported as "Address traveling from" and "Address traveling to"), was received on December 20, 2013, as evidenced by the physical exhibit included in the record and as testified to by Risk Management Claims Adjuster Tara Shelton. Ms. Shelton explained that the mileage represented by that submission was paid by check dated February 5, 2014, in the amount of

6

$139.29. Thus, and again as identified by the workers' compensation judge, the mileage reimbursement was provided within sixty days of receipt.

Similarly, Ms. Shelton explained that Risk Management did not receive notice of the claim for the return leg of each medical appointment until the July 16, 2014 filing of the Disputed Claim for Compensation. It again paid that demand within sixty days by check dated July 28, 2014. Thus, each payment was made "within sixty days after the employer or insurer receives written notice" pursuant to La.R.S. 23:1021(E)(1).

While the claimant suggests that he had previously been paid round trip mileage without a particularized claim for the return travel in the past, we find no manifest error in the workers' compensation judge's determination that such a suggestion does not satisfy his burden of proving the present claim.[3] Instead, Ms. Shelton explained that she had been assigned to the claimant's file at the time of the instant submission. She testified that the objective of the reporting of particularized, one-way travel is that: "Generally the claimant will write one way to the doctor's office, on the next line they write back home or if they went to PT, whether they went from the doctor's office or provider's office to the next place." In this case, the claimant admittedly did not do so, instead reporting only one-way travel for medical treatment on the dates included within the mileage form. We

---

[3] The workers' compensation judge explained:

> There's been argument made that there was a different way of doing things in prior situations. While I do think that has a bearing on what happened, the simple fact of the matter is that what the statutes are aimed to do are to get the adjusters to timely pay the benefits that are submitted to them.
>
> In this case, the adjuster did that. Whether they should have done it a different way or not, well, I don't think I'm here to determine that. What I am here to determine is what happened in this case, and in this case, the adjuster paid the mileage in a timely manner based on what was submitted to them. Therefore, I find that no penalties and attorney fees are owed in th[i]s matter.

find no manifest error in a rejection of the claimant's contention that Risk Management was obligated to provide payment based upon an estimated or assumed return trip mileage, notwithstanding its prior practice. Instead, the record supports the workers' compensation judge's determination that Risk Management made timely payment upon receipt of the claimant's written notices per La.R.S. 23:1021(E)(1).

This assignment lacks merit.

## DECREE

For the foregoing reasons, the appeal of the appellant, Kevin Abshire, is converted into an application for supervisory writ, and the writ is denied. Costs of this proceeding are assessed to Mr. Abshire as the appellant/relator.

**APPEAL CONVERTED TO WRIT. WRIT DENIED.**