JAMES F. MCKAY III, CHIEF JUDGE
11 This case has been going back and forth between the trial court and this Court and the Supreme Court for more than a decade. At its core, the matter involves the rights of a landlocked estate to a servitude of passage over a neighboring estate to the nearest public road.
By way of background, the homes located at 541 and 543 Exposition Boulevard in New Orleans were originally built on the same lot by the same owner, Richard Katz. Mr. Katz subdivided the properties in 1978 and the homes were later sold to separate buyers. The act of subdivision of 1978 does not contain a reference to a servitude burdening 543, nor does it state that one of the properties lacks access to a public road. None of the subsequent acts of sale for either property contain a reference to a servitude.
Roger Phipps purchased the home at 541 Exposition Blvd. in 1982. At that time, *1021 there was a concrete driveway that ran across the rear of 543 Exposition Blvd., allowing Mr. Phipps to access his garage. Over the years, the property at 543 Exposition Blvd. was sold several times. Various owners made changes to the property that partially blocked the concrete driveway until the present owners built \9a fence around their property. This is when Mr. Phipps began his legal battle against them.
In the round of litigation immediately preceding the filing of the motion for nullity which gave rise to the instant appeal the trial court ruled in favor of Mr. Phipps, declaring him the owner of an enclosed estate and entitled to a La. C.C. art. 694 servitude on the Schupps’ property. This Court reversed and remanded, finding: 1) La. C.C. art. 694 does not apply to this case because because an art. 694 servitude will not apply to third parties if it is not recorded; 2) questions of fact remain over whether an art. 741 servitude was established; 3) if an art. 741 servitude was established, then the Schupps’ predecessor in title, who obstructed the driveway, is responsible for the cost of restoring the driveway; and 4) if a servitude under 741 was not established, then Mr. Phipps may not be entitled to an art. 689 servitude, but the passage need not necessarily be fixed through the Schupps’ property but could possibly be fixed through Audubon Park. Phipps v. Schupp, 2014-0672 (La.App. 4 Cir. 3/18/15), 163 So.3d 212. Mr. Phipps then took a writ to the Louisiana Supreme Court, which was denied.
That brings us to what is presently before this Court. Mr. Phipps filed a motion to annul this Court’s March 18, 2015 opinion in the trial court. His motion was a rehashing of the issues raised in his writ to the Supreme Court. The trial court denied his motion and his following motion for new trial. He then appealed this denial.
The pending matter is a petitory action brought by Roger Phipps in which he claims to own a servitude of passage through Cynthia and Roland Schupps’ backyard. The relief Mr. Phipps seeks would require the partial demolition of the Schupps’ house so that he can use their backyard as a driveway. The trial court has | anot decided these issues and its denial of the motion for nullity did not resolve any of the other underlying issues in this case. Instead, the trial court determined that the case may proceed to trial.
The trial court’s denial of Mr. Phipps’s motion for nullity is not a final judgment under La. C.C.P. arts. 1915, 1841 or 2083. A judgment is final and appealable when it “disposes of all remaining issues in th[e] case and thereby concludes the litigation.” Bennett v. Laperouse and Son, Ltd., 2009-1099 (La.App. 1 Cir. 2/12/10), 35 So.3d 364. An appellate court’s jurisdiction is not properly invoked in the absence of a valid final judgment. Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Inc., 2010-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909; See also La. C.C.P. art. 2083. Accordingly, this Court lacks jurisdiction over this appeal because the judgment of the trial court denying Mr. Phipps’s motion to annul is not a final appealable judgment. We note however that the granting of a nullity action setting aside a previous judgment is final and appealable. See American Motorists Ins. Co. v. Miller, 383 So.2d 487 (La.App. 4 Cir. 1980).
An appeal can be dismissed at any time for lack of jurisdiction. Goal Props., Inc. v. Prestridge, 2014-422 (La. App. 3 Cir. 11/5/14), 150 So.3d 610; La. C.C.P. art. 2162. Even when the parties do not raise the issue, appellate courts have *1022 the duty to examine sua sponte whether they have subject matter jurisdiction, Frank v. City of Eunice, 2013-1118 (La. App. 3 Cir. 3/5/14), 134 So.3d 222.
In their appellee brief, Mr. and Mrs. Schupp seek attorney’s fees pursuant to La. C.C.P. art. 2164 on the grounds that this appeal is frivolous. While we are inclined to award attorney’s fees for a frivolous appeal, we are unable to do so in this case. The proper procedure for an appellee to request frivolous appeal damages is to file either an answer to the appeal or a cross-appeal. Roger A. Stetter, LA. PRAC. CIV. APP. § 11:18 (2016) (“Stetter”)(citing La. C.C.P. art. 2133 and Galle v. Orleans Parish School Bd., 623 So.2d 692 (La.App. 4 Cir. 1993)). “Damages for taking a frivolous appeal cannot be recovered if they are claimed only in a motion to dismiss.” Stetter, § 11:19. Similarly, “[a]n appellee cannot recover damages for taking a frivolous' appeal if the damages are first requested in the appellee’s brief.” Stetter § 11:19. “An appellee’s brief does not constitute an answer or appeal for purposes of requesting frivolous appeal damages.” Stetter, § 11:19, (citing Sears, Roebuck & Co. v. Appel, 598 So.2d 582 (La.App. 4 Cir. 1992)).
For the foregoing reasons, we find that the instant appeal is not properly before this Court and order that it be dismissed.
APPEAL DISMISSED